**GILES v. WESTERN AIR LINES, Inc.**

Civ. No. 2453.

District Court, D. Minnesota,
Fourth Division.

Sept. 16, 1947.

Paul J. McGough and Wright W. Brooks (of Faegre & Benson), both of Minneapolis, Minn., for defendant in support of said motion.

William H. DeParcq and Chester D. Johnson, both of Minneapolis, Minn., for plaintiff in opposition thereto.

NORDBYE, District Judge.

The above-entitled cause comes before the Court on defendant's motion to dismiss on the grounds that this Court is an inconvenient and inappropriate forum for the trial of plaintiff's alleged cause of action.

Defendant bases its motion on the recent case of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839. It invokes the doctrine of forum non conveniens. The instant action is one of tort arising out of an airplane accident which happened in California, in which it is contended that all of the occupants of the plane, including the decedent, were killed. The decedent was a resident of California. His surviving widow is a resident of that State. The defendant is a citizen of Delaware, with its main office and principal place of business in Los Angeles, California. Jurisdiction is based on diversity of citizenship. It is to be gathered from statements of counsel at the hearing that defendant had an agent merely for the service of process in this State when this action was commenced. No witnesses reside in Minnesota; all of the witnesses reside in California. The plaintiff, G. E. Giles, special administratrix, is an employee of the office of the late Robert J. McDonald, an attorney of this city, who instituted the action in this Court on April 24, 1947. The only estate of the deceased to be administered in this State is the cause of action on the alleged wrongful death of the decedent. Plaintiff has now served notice to take depositions of some eleven named witnesses and others unknown at Los Angeles in the State of California. Defendant contends that it is now apparent that, if the case is to be tried in this jurisdiction, the entire evidence offered by the plaintiff on the question of liability will be by way of deposition. Concededly, the law of California as to negligence will be controlling. The vicinity of Gorman, California, where this accident took place and Los Angeles and vicinity, where all the witnesses reside, are some two thousand miles from Minneapolis. Defendant will be required to bring its wit-

nesses that distance unless it is content to establish its defense by way of deposition. Compulsory process will not be available to it for the attendance of unwilling witnesses. Plaintiff contends that there are no actual witnesses to the happening of the accident in that all of the occupants of the airplane were killed, but whatever proof will be adduced to establish negligence will be by witnesses residing in California. The question then arises as to whether this Court should exercise its discretion in refusing jurisdiction on the grounds of forum non conveniens. The recent case of Gulf Oil Corporation v. Gilbert, 330 U.S. at page 508, 67 S.Ct. at page 843, clearly holds that this Court is vested with such discretion, but points out that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

■ Plaintiff is unable to suggest any reason why the action should be tried in this jurisdiction, except that the plaintiff administratrix, an employee of the attorney who commenced the action, resides here. Obviously, the administratrix has no interest in the outcome of this lawsuit. Her appointment as special administratrix by the Probate Court of this county is admitted. She merely enters the case as a means whereby her employer, the attorney for the heirs and beneficiaries, could, for his own convenience, institute the action in this jurisdiction. She is merely the nominal plaintiff. Her residence in this District should have no weight in the scale which the Court must examine as to the equities which are presented on this motion and upon which it must exercise its discretion. At the most, it would seem that her residence is a factor of relatively little consequence. Every other factor, circumstance, and convenience is to be found in support of the application of the doctrine. No prejudice is made to appear if the heirs and beneficiaries of the deceased are required to try their lawsuit in the forum where the accident happened, where they reside, and where all the witnesses reside. The questions of law which arise as to the liability of airplane companies for disasters of this kind are sometimes fraught with considerable difficulty. Plaintiff contends that the doctrine of res ipsa loquitur applies, but defendant takes issue with this contention. However, whatever the law is which will govern the question of liability will be the California law. Manifestly, the courts of California are better versed in their own law than the Federal Court of the District of Minnesota. The plaintiff seeks the sum of $100,000 for the alleged wrongful death of the decedent. It is contended that substantial contributions were made by him to his beneficiaries and heirs at law during his lifetime, and that he would have made substantial contributions in the future had he lived. In addition to the widow, the father and mother of the decedent are named beneficiaries. Their residence, however, is not made to appear on this showing. It may be assumed that they are not residents of Minnesota. It is contended that they, as well as the widow, were dependent on decedent's support. The measure of damages and amount of recovery are matters of California law. Every circumstance weighs heavily in favor of defendant's motion.

■ Plaintiff urges that the motion is not timely and therefore should be denied. It is true that the case is at issue, but outside of the answer being filed and notice of trial being served, and the case placed on the September, 1947, calendar of this Court, no other steps have been taken in this jurisdiction with reference to preparation for trial except the notice to take depositions on September 20, 1947, in Los Angeles, California, which was served a short time ago, and this motion to dismiss followed. No prejudice has been made to appear by reason of any delay in the presentation of this motion. Furthermore, there are circumstances which may be mentioned and which may account for at least a part of the delay. Robert J. McDonald, the original attorney of record, died in July, 1947, and by reason of his death and the substitution of attorneys that thereafter followed in that month, there necessarily was some delay in determining the steps to be taken with reference to this motion. In addition, our Federal Courts in this District have assumed that they were bound by the local laws of the State on a motion of this kind and Minnesota does

not recognize the principle of forum non conveniens. The decision of Gulf Oil Corporation v. Gilbert, supra, was not decided until March 10, 1947. The bar generally were not familiar with the full import of that decision until sometime after it had been handed down. And it was not until the notice of taking depositions in this case that defendant was informed that plaintiff did not intend to bring any witnesses to this District to prove liability, but intends to try out that entire issue on depositions. Under these circumstances, therefore, it must be concluded that the contention that this motion is untimely is without any persuasive merit. The statute of limitations has not run against the institution of this action in California. The accident happened in November, 1946, and it is not made to appear that the institution of an action at this time in the California courts will prejudice the heirs and beneficiaries or prevent them from furnishing the same proof by witnesses who will be present in a court of that jurisdiction rather than by way of depositions, as is now planned in this District. The statement of the Supreme Court in Gulf Oil Corporation v. Gilbert, supra, 330 U.S. at page 508, 67 S. Ct. at page 843, seems particularly appropriate herein: "Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

Weighing all the factors which should guide the Court's discretion, it seems clear that the showing made herein impels the view that this is one of the "rare cases" in which the doctrine should be applied. There is a complete absence of any satisfactory showing which substantiates the contention that the interest of the heirs at law and beneficiaries of the decedent justifies this Court in retaining this case in the Federal Court of this State, some two thousand miles from where the accident happened, where all of the interested parties reside, and where all of the witnesses reside. If the doctrine of forum non conveniens is ever applicable in Federal Court, and the case of Gulf Oil Corporation v. Gilbert now makes it clear that, under the Federal rule, it is applicable, it must be recognized that the showing herein justifies, if not requires, the dismissal of plaintiff's complaint and the remitting of the heirs and beneficiaries to courts of their own State. It would be an abuse of discretion to hold otherwise.

It is ordered that plaintiff's complaint be dismissed without prejudice. An exception is allowed to the plaintiff.