## TUCK v. PENNSYLVANIA R. CO.
### Civ. A. No. 16026.

United States District Court
E. D. Pennsylvania.
July 9, 1954.

Harry A. Demar, John T. Curtin, Philadelphia, Pa., for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Defendant has moved to transfer this Federal Employers' Liability action to the United States District Court for the District of New Jersey in accordance with the provisions of Title 28 U.S.C. § 1404(a). In support of its motion defendant filed affidavit of its District Claim Agent setting forth, inter alia, as follows:

(a) that the deceased, David G. Tuck, Jr., died as the result of injuries sustained while in the employ of defendant and while working on the premises of the L. A. Young Spring and Wire Corporation (hereinafter referred to as "Young Corporation") at Trenton, New Jersey;

(b) that under the terms of a certain agreement between defendant and the Young Corporation, the latter is under a duty to indemnify the railroad for damages or injuries resulting from any unsafe condition of the premises where the alleged accident occurred and to share liability from the joint or concurring negligence of both parties;

(c) that the Young Corporation is not registered to do business in Pennsylvania, is not subject to the jurisdiction of this Court and has refused to come in and defend the action;

(d) that defendant desires to join the Young Corporation as a third-party defendant;

(e) that unless Young Corporation is made a party to this action, defendant will be deprived of its right under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C., to enter upon its land for inspection and discovery and will furthermore be unable under Rules 33 and 36 to obtain discovery to the extent to which Young Corporation and its employees were guilty of negligence prior to and at the time of the accident and were responsible therefor;

(f) that a view of the premises by the jury is necessary and desirable and such would be more convenient for a jury sitting in Trenton, New Jersey;

(g) that three members of the crew of plaintiff's intestate, who were witnesses to the accident, reside in New Jersey and one in Wilmington, Delaware;

(h) that four employees of the Young Corporation claim to have been witnesses to the alleged accident and they all reside in New Jersey;

(i) that police and medical investigation of the accident were performed by local authorities at Trenton, New Jersey.

From the pleadings it appears that plaintiff was appointed administratrix of the estate of the said decedent by the Courts of New Jersey.

While not denying the facts above set forth, plaintiff objects to the transfer for the following reasons:

(a) that the transfer of the action would constitute an injustice to plaintiff;

(b) that plaintiff has a special right to choose the venue under this Act and that this right has been regarded by the courts as a valuable substantive right;

(c) that a transfer would deprive plaintiff more probably than not of a substantially higher verdict since juries in the United States District Court for the Eastern District of Pennsylvania usually return more substantial verdicts than juries in the United States District Court in Trenton, New Jersey.

■ We are here concerned with the problem of the transfer and not the dismissal of a Federal Employers' Liability action. Since Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, there can be no question as to the applicability of Section 1404(a) to Federal Employers' Liability Act cases. It would seem that the real problem of the Court is to find a proper balance between the rather broad scope of the venue provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Judicial Code. It may well be argued that in the light of the broad venue provisions of this Act the courts should, when moving under Section 1404(a), act with a higher degree of caution than in the ordinary forum nonconveniens case.[1]

■ Having those considerations in mind, nevertheless, as against the substantial reasons submitted by defendant in favor of the transfer, plaintiff has countered merely with the suggestion of the possibility of a higher verdict in the present forum. In this connection, we cannot assume that juries in Trenton are any different than those in Philadelphia, or would be less likely to fairly and honestly appraise the life of this young man as to what it meant to his young widow and infant child, and more than that plaintiff cannot ask.[2]

I find no merit to any of plaintiff's objections and accordingly conclude that the transfer is necessary for the convenience of the parties and witnesses and would be in the interest of justice,[3] and that the balance of convenience certainly is "strongly in favor of the defendant".[4]

The motion for transfer will be granted.

---

1. Compare article "Observations on Transfers Under Section 1404(a) of the New Judicial Code" by Judge Irving R. Kaufman, 10 F.R.D. 595, 606.

2. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 510, 67 S.Ct. 839, 91 L.Ed. 1055.

3. Ex parte Collett, 337 U.S. 55, 58, 69 S. Ct. 944.

4. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843; see also discussion in 10 F.R.D. 595.