**RHOTON v. INTERSTATE R. CO.**
**Civ. No. 16149.**

United States District Court,
E. D. Pennsylvania.
July 9, 1954.

, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa.; Howard M. Metzenbaum, Cleveland, Ohio, for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

The defendant, invoking the provisions of 28 U.S.C. § 1404(a), seeks a transfer of the action to the United States District Court for the Western District of Virginia.

The plaintiff's action is under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.; and alleges that the accident occurred in Big Stone Gap, Virginia, by reason of negligence of defendant as plaintiff's employer.

Defendant is a small railroad operating approximately seventy-nine miles of track, all located within Wise County, Virginia, except about three miles of track in a terminal yard in Scott County, Virginia. The plaintiff resides in Big Stone Gap, Virginia. All of defendant's witnesses, including the shop foreman, the fellow employees present with plaintiff at the time of the events involved in the action, the hospital records and doctors who treated him at that time as well as any other witness as to his condition before and after the alleged accident, are located in that vicinity and approximately six hundred miles from Philadelphia, Pennsylvania, the seat of this Court.

As against this, plaintiff says the neurosurgeon he consulted lives in Philadelphia and the hospital to which he was sent by the surgeon is in Philadelphia. Without inquiring into plaintiff's motives in selecting a physician six hundred miles from his home, it certainly involved additional expenses to which he did not object and conversely should not now as an expense in producing him as a witness at the place where the accident occurred, where all other witnesses are located, where plaintiff resides, where defendant's railroad is located, and where defendant's hospital records and doctors are and in the ordinary course would naturally be located, outweigh all of these considerations.

Plaintiff leans heavily on Naughton v. Pennsylvania Railroad Co., D.C.E.D.Pa., 85 F.Supp. 761, 763, involving a requested transfer from Philadelphia in the Eastern District of Pennsylvania to Pittsburgh in the Western District of Pennsylvania. The accident had occurred in the vicinity of Altoona, Pennsylvania, from which the travel time was less to Philadelphia than to Pittsburgh. The Court said: "In the cases now before the Court the matter of transportation of witnesses can furnish no great problem to the defendant. Its main line runs from Pittsburgh to Philadelphia, passing through Altoona." In the present case, however, defendant's railroad is encompassed within two counties of Virginia.[1]

The approach to the problem involved on motions to transfer, as in this case, is discussed in the opinion of this Court in Tuck v. Pennsylvania Railroad Co., 122 F.Supp. 527 this day filed and need not be repeated here.

Considering the convenience of the parties and of the witnesses, and the interests of justice generally, the balance of convenience is strongly in favor of the

---

[1]. See comment of Judge Kaufman on the Naughton case in "Transfers Under New Judicial Code," 10 F.R.D. 595, 606.

**36**

defendant on its motion to transfer. Nor is the Court unmindful of the congested state of the calendar in this District as compared with that in the Western District of Virginia.[2]

The motion to transfer will be granted.

.2.   See "Transfers Under New Judicial Code," 10 F.R.D. 595, 606.