**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Petitioner,**

**v.**

**SUPERIOR COURT, CREEK COUNTY, and the Judge thereof, Respondents.**

No. 36414.

Supreme Court of Oklahoma.

April 12, 1955.

Rehearing Denied Nov. 1, 1955.

Application for Leave to File Second Petition for Rehearing Denied Nov. 22, 1955.

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for petitioner.

Arthurs & Blackstock, Bristow, Bishop & Driscoll, Seminole, for respondents.

Rainey, Flynn, Green & Anderson, Oklahoma City, Gen. Sols., A., T. & S. F. Ry. Co., amicus curiae.

Savage, Gibson, Benefield & Shelton, Oklahoma City, for Oklahoma, C., R. I. & P. R. Co., amicus curiae.

Dan M. Welch, Oklahoma City, Gen. Atty. for Oklahoma, M.-K.-T. R. R. Co., amicus curiae.

WILLIAMS, Vice Chief Justice.

This is an application by petitioner for an order or writ of mandamus directed to respondent to enforce the remedial order and opinion issued by this court herein on July 13, 1954.

The pertinent facts are essentially as follows:

This action was originally instituted as an original proceeding in this court to prohibit respondent from proceeding in the cases of J. E. Murphey v. St. Louis-San Francisco Railway Company, No. 4816, in the Superior Court of Creek County, and Adolphus L. Kirk v. St. Louis-San Francisco Railway Company, No. 4815, in said court, on the ground that said court was an inappropriate and inconvenient forum for the trial of said transitory actions. In the alternative, petitioner asked this court to assume jurisdiction and issue such proper remedial order directed to respondent as might be necessary to insure uniformity of decision among the various inferior courts of record. Petitioner had filed a motion to dismiss the action on the grounds of inappropriate and inconvenient forum in each of the two cases above mentioned, which respondent court had overruled on the sole ground that it had no power to dismiss said actions on the grounds of inappropriate and inconvenient forum. In an opinion promulgated July 13, 1954, we held that respondent did have the power to dismiss said actions and issued a remedial order directing respondent to reconsider said motions to dismiss in the light of the views expressed in such opinion. Said opinion became final on November 1, 1954, and may be found at 276 P.2d 773.

On January 5, 1955, petitioner's motions to dismiss were again considered by respondent court, at which time some additional evidence was presented. Respondent then again overruled petitioner's motions to dismiss.

Petitioner alleges that respondent overruled such motions to dismiss in complete disregard of this court's opinion and in an arbitrary, capricious and summary manner and through mistake of law and seeks enforcement of the opinion and remedial order heretofore issued, by mandamus or other appropriate writ.

Respondent judge contends that he complied with the opinion and order of this court and reconsidered the motions to dismiss in the light of such opinion, and in the exercise of his discretion and on the basis of the evidence presented determined that such motions should be denied. Respondent further contends that the decision on such motions to dismiss lies in the discretion of the trial court and that if there has been an abuse of such discretion it can be corrected only by appeal and not by mandamus.

We have already determined in the previous opinion herein that the dismissal of an action on the grounds of forum non conveniens is within the discretion of the trial court but that this court will review and correct an abuse of such discretion on the part of the trial court. It now appears that we must determine how a review of the action of the trial court in such matter may be obtained.

It is apparent that if a trial court should sustain a motion to dismiss on the grounds of forum non conveniens and dismiss the action, the plaintiff could appeal therefrom and thus obtain a review of the trial court's action, since such order on the part of the trial court would constitute a final order as defined by 12 O.S.1951 § 953. It is equally apparent, however, that an order overruling a motion to dismiss on the grounds of forum non conveniens would not constitute a final order within the terms of the statute and would not be an appealable order. A defendant desiring to obtain a review of an order denying a motion to dismiss on the grounds of forum non conveniens would therefore be required to submit to trial and appeal from the final judgment rendered on the merits in order to obtain a review of the trial court's order by appeal and error. Such a review would be of no value to a defendant, however, since he would have already been forced to trial in the allegedly inappropriate and inconvenient forum and the question would have become moot. We therefore conclude that under such circumstances a defendant has no adequate remedy at law and in order to obtain relief must resort to this court for exercise by it of its powers of superintending control. While generally mandamus will not issue to control the exercise of discretion on the part of a trial court, mandamus may issue where there has been an arbitrary abuse of such discretion and the complaining party has no adequate remedy at law. State ex rel. Reirdon v. County Court of Marshall County, 183 Okl. 274, 81 P.2d 488.

We come then to the decisive question presented here: Has there been an arbitrary abuse of discretion or has there been in fact no actual exercise of discretion because of a mistaken view of the law? In order to answer such question it becomes necessary to review the evidence presented to the trial court.

Petitioner, who is defendant in the two cases in question, presented evidence in support of its motions to dismiss reasonably tending to establish the following situation in the Murphey case:

Defendant is a Missouri Corporation and operates a large railway shop in Springfield, Missouri. Plaintiff Murphey, a resident of Springfield, Missouri, was allegedly injured in defendant's shop in Springfield, Missouri, where he was employed. Eight witnesses needed at the trial reside at Springfield, Missouri, one witness needed lives at St. Louis, Missouri, and one witness lives at Kansas City, Missouri. None of the interested parties or witnesses are residents of the State of Oklahoma. Defendant is amenable to service of process in both state and federal courts in Springfield, Missouri, and those courts are available to plaintiff for a prompt hearing and determination of his claim. A view of the premises where plaintiff was allegedly injured would be a material benefit to the jury trying the case, but would not be available to a jury sitting in Creek County, Oklahoma. The cost to defendant of defending the action in creek County, Oklahoma, would exceed the cost of defending the same action in Springfield, Missouri, by some $1900. Some of the doctors who examined and treated plaintiff following his alleged injury are not in the employ of defendant and if they are unable or unwilling to attend trial in Creek County, Oklahoma, defendant has no means to enforce such attendance or to present them personally for the benefit of the court and jury.

Plaintiff Murphey's evidence consisted of an affidavit made by his attorney which in the main corroborated defendant's evidence but further asserted that there was no doubt that defendant was liable in the matter and, therefore no witnesses would be needed; that plaintiff's chances of securing a large verdict are better in Bristow, Oklahoma, than they are in Springfield, Missouri; that plaintiff has had himself examined by Dr. J. of Seminole, Oklahoma, Dr. W. of Okla-

homa City, Oklahoma, and Dr. S. of Tulsa, Oklahoma, which doctors he desires to use as expert witnesses but who will not attend a trial outside of the State of Oklahoma without additional compensation; that plaintiff has now become a citizen and resident of the State of Oklahoma and desires to have his case tried here. Plaintiff also offered evidence to establish that there is sufficient money on hand in the court fund of Creek County to try the case.

██ It is apparent from the foregoing that Oklahoma has no real connection with this controversy and that Missouri would be a more convenient and appropriate forum. Notwithstanding the intimation to the contrary, we assume that the Missouri judicial system is fully equipped to insure plaintiff fair and equal treatment at the hands of a judge and jury there. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Gore v. United States Steel Corp., 15 N.J. 301, 104 A.2d 670, 676. The motivating reason for selecting Oklahoma rather than Missouri for the institution of this action was apparently the expectation of receiving a substantially higher verdict. As said by the Supreme Court of New Jersey, "decent judicial administration could not tolerate that as a persuasive or even legitimate reason for burdening * * * communities with litigious controversies which arose elsewhere and should in all justice be tried there." Gore v. United States Steel Corp., supra. In Tuck v. Pennsylvania R. Co., D.C.E.D.Pa., 122 F. Supp. 527, 529, the court in dealing with such question said:

"Plaintiff has countered merely with the suggestion of the possibility of a higher verdict in the present forum. In this connection, we cannot assume that juries in Trenton are any different than those in Philadelphia, or would be less likely to fairly and honestly appraise the life of this young man as to what it meant to his young widow and infant child, and more than that plaintiff cannot ask."

The fact that plaintiff has seen fit to hire expert witnesses who reside in Oklahoma does not, of course, convert Oklahoma into a convenient and appropriate forum for the trial of the case. Gulf Oil Corp. v. Gilbert, supra. In Rhoton v. Interstate R. Co., D.C. E.D.Pa., 123 F.Supp. 34, 35, the court said in that connection:

"Without inquiring into plaintiff's motives in selecting a physician six hundred miles from his home, it certainly involved additional expenses to which he did not object and conversely should not now as an expense in producing him as a witness at the place where the accident occurred, where all other witnesses are located, where plaintiff resides, where defendant's railroad is located, and where defendant's hospital records and doctors are and in the ordinary course would naturally be located, outweigh all of these considerations."

Nor does the fact that plaintiff Murphey, since the institution of this action, has become a citizen and resident of this state (if in fact he has) convert this state into an appropriate and convenient forum. Michigan Cent. R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470; Giles v. Western Air Lines, D.C., 73 F.Supp. 616.

The trend in favor of the use of considerations of forum non conveniens seems to us to be a wholesome one and in furtherance of the sound administration of justice. Trial courts should not hesitate to follow it in appropriate circumstances. While such matter is within the discretion of the trial court it is of the utmost importance that the trial courts of this state exercise such discretion with some degree of uniformity. Otherwise the application of the doctrine of forum non conveniens will not serve to stop the importation of foreign causes of action into this state but will merely cause the concentration of such imported causes of action in those trial courts of this state which are most lax in their application of such doctrine.

In so far as the case of Murphey v. St. Louis-San Francisco Railway Company is concerned we consider the undisputed facts to be entirely compelling. The plaintiff in such case probably should have instituted his action in a court sitting in Missouri and we find no proper reason for his having chosen or being permitted to remain in this

forum. We conclude that petitioner is entitled to a writ of mandamus directing respondent to sustain petitioner's motion to dismiss in such case.

With reference to the Kirk case, petitioner's evidence revealed the following situation:

Plaintiff Kirk was and is a resident of Purdy, Missouri, and was employed by defendant, a Missouri Corporation, with headquarters in Springfield, Missouri. On June 18, 1953, plaintiff allegedly suffered an accidental injury at or near Arkansas City, Kansas, which is the subject of the lawsuit. Five of the witnesses needed at the trial reside at Enid, Oklahoma, three witnesses reside at Arkansas City, Kansas, and one witness resides at St. Louis, Missouri. There are courts in Cowley County, Kansas, where defendant is amenable to process, which courts are available to plaintiff for a prompt hearing and determination of his claim. A view of the scene of the accident would be available to a jury sitting in Cowley County, Kansas. The cost to defendant of defending the action in Creek County, Oklahoma, would exceed the cost of defending the same action in Cowley County, Kansas, by some $2,450.

The evidence adduced by plaintiff Kirk revealed that in addition to the witnesses already mentioned plaintiff has a witness who resides in Durant, Oklahoma; that plaintiff has had himself examined by Dr. J. of Seminole, Oklahoma, and Dr. W. of Oklahoma City, Oklahoma, which doctors he desires to use as expert witnesses; that plaintiff was hospitalized at the Arkansas City memorial hospital following his injury, and was later referred to the Frisco Employees' Hospital Association at St. Louis, Missouri, for further treatment and examination. Plaintiff Kirk also suggested that he could get a fairer trial (higher verdict) in Oklahoma than he could in either Kansas or Missouri and introduced evidence to establish that there is sufficient money on hand in the court fund of Creek County to try his case.

The foregoing evidence immediately suggests three possible forums for the prosecution of plaintiff Kirk's claim, namely, Missouri, Kansas and Oklahoma. Missouri is the state of residence of both parties, and one of the witnesses and a portion of the hospital records are within that state and amenable to process there. Nine of the witnesses (besides plaintiff's medical experts) are not residents of Missouri, however, and are not amenable to process there, and a jury sitting in Missouri would not have the benefit of a view of the scene of the injury. Kansas was the situs of the accident in question and a jury sitting there would have the benefit of a view of the scene, if appropriate to the trial of the case. However, neither of the parties are residents of Kansas and only three of the witnesses and a portion of the hospital records are within that state and amenable to process there, while seven witnesses and a portion of the hospital records are not within that state and not amenable to process there. Oklahoma is neither the residence of the parties nor the situs of the accident. However, six of the witnesses (again exclusive of plaintiff's medical experts) are within this state and amenable to process here, while four witnesses and the hospital records are not within this state and not amenable to process here. We do not believe that such evidence points decisively toward any particular one of the three possible forums as being best suited to pass on the controversy in question. Such being the case, the action of the respondent court in refusing to dismiss the Kirk case on the grounds of forum non conveniens did not constitute an abuse of discretion on the part of such court. We conclude that petitioner is not entitled to a writ in connection with the Kirk case. As to such case, writ denied.

Writ of mandamus is granted, and respondent is directed to sustain the motion to dismiss filed by defendant in the case of Murphey v. St. Louis-San Francisco Railway, No. 4816 in the Superior Court of Creek County, Oklahoma.

JOHNSON, C. J., and WELCH, HALLEY and JACKSON, JJ., concur.

DAVISON and BLACKBIRD, JJ., concur as to Kirk and dissent as to Murphey.