**John Joseph CARBECK**

v.

**BALTIMORE & OHIO RAILROAD COMPANY.**

Civ. A. No. 23364.

United States District Court E. D. Pennsylvania.

March 13, 1958.

James R. Cavanaugh (of Richter, Lord & Levy), Philadelphia, Pa., for plaintiff.

John A. Shrader, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, to recover damages for dermatological injuries sustained by the plaintiff, a resident of Pasadena, Maryland, which

is a suburb of Baltimore, alleged to have been caused by fumes from diesel oil used by the defendant in its locomotives and equipment in the Mt. Clare Shops, Baltimore, Maryland, where plaintiff was employed.

Pursuant to 28 U.S.C.A. § 1404(a), the defendant has filed a motion to transfer the action to the District Court of Maryland for the convenience of the parties and witnesses and in the interest of justice. Plaintiff's opposition to the motion is based upon the language of 45 U.S.C.A. § 56[1] and on the theory that the plaintiff's choice of forum should be given great weight, citing Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L.Ed. 1055.

Defendant is entitled to have the matter transferred under 28 U.S.C.A. § 1404 (a), based upon the policy adopted by the courts of this District,[2] in view of the following facts, among others, appearing in this record:

A. Plaintiff's residence is Pasadena, Maryland, which is located approximately ten miles south of Baltimore.

B. Defendant is subject to process, and has its principal office, within the District of Maryland.

C. All witnesses presently known to either party, including five physicians, reside in or near the City of Baltimore.

D. The case will be reached much more rapidly in the District of Maryland due to a less crowded docket.[3]

E. The injury forming the basis of plaintiff's complaint allegedly results from regular occurrences in the Mt. Clare Shops[4] operated by the defendant which are located in Baltimore, District of Maryland.[5]

*Order*

And Now, March 13, 1958, it is ordered that defendant's motion to transfer this case to the United States District Court for the District of Maryland is granted and that this case is transferred to that court.

1. "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." The federal courts have consistently held that this language is subject to the requirements of 28 U.S.C.A. § 1404(a). See In re Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207; Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

2. Rhoton v. Interstate R. Co., D.C.E.D. Pa.1954, 123 F.Supp. 34; Hawks v. Maryland & Pennsylvania R. Co., D.C. E.D.Pa.1950, 90 F.Supp. 284; Tuck v. Pennsylvania R. Co., D.C.E.D.Pa.1954, 122 F.Supp. 527; see, also, Chicago Rock Island & Pacific R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299, certiorari denied 1955, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735.

3. See Mr. Justice Jackson's discussion of factors of public interest in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055, and paragraph 7 of affidavit of W. R. Galloway, attached to Motion to Transfer.

4. Paragraphs 12 and 13 of the Complaint read as follows:

"12. On or about March, 1955 and for a long time prior thereto, the plaintiff while in the employ of the defendant railroad as a boilermaker at its Mt. Clare Shops, the plaintiff was subjected to acrid fumes from diesel oil used by the defendant on its locomotives and equipment, as a result of which plaintiff suffered severe, painful and permanent injuries more particularly hereinafter set forth.

"13. As a result of the accident aforementioned, the plaintiff suffered dermatological involvement of his hands, neck, face, chest, arms and ears; and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent."

5. Although there are conflicting affidavits in the record as to the advisability of the jury viewing the Mt. Clare Shops (see paragraph 8 of the above-mentioned affidavit of W. R. Galloway, affidavit of Dr. I. Kaplan dated February 25, 1958, and affidavit of Dr. Eugene S. Bereston dated March 2, 1958), it is clear that the court sitting in Baltimore would be more qualified to make a determination of the desirability of such a viewing after hearing the evidence than would a court in Pennsylvania, with no knowledge of the area.