Verda Lee CLARK

v.

PENNSYLVANIA RAILROAD
COMPANY.

Civ. A. No. 26614.

United States District Court
E. D. Pennsylvania.

Feb. 10, 1960.

Milford J. Meyer, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant has moved to transfer this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to the Northern District of Ohio, Eastern Division, at Cleveland, pursuant to 28 U.S.C.A. § 1404(a).

The accident occurred at Bedford, Ohio, 5 miles from Cleveland, and plaintiff was hospitalized and treated at Bedford and at Akron, 33 miles from Cleveland. Plaintiff resides at Akron. Defendant is a Pennsylvania corporation and has offices at Philadelphia in this District, and at Cleveland. Cleveland is 340 miles from Philadelphia.

Of all the witnesses referred to in the affidavits filed by both parties, all of the ten fact witnesses and three of the seven expert witnesses reside in Cleveland or within 33 miles of that city. Plaintiff has been examined by two medical experts, residing in Philadelphia, who are to testify. Plaintiff also has two expert witnesses, residing in Philadelphia, on safety methods in unloading hopper cars.

The factors weighing in favor of the motion to transfer are the place of the accident, the residence of plaintiff, the places of plaintiff's hospital and medical care, the residence of all the fact witnesses, the residence of three expert witnesses, and the fact that the case can be reached for trial somewhat earlier in Cleveland than in this District. The factors weighing against the motion are plaintiff's choice of this forum and the residence of four expert witnesses in this

District. The balance of these factors is strongly in favor of defendant's motion to transfer.

Defendant's motion to transfer will be granted.