Ernest E. **MITCHELL**

v.

PENNSYLVANIA RAILROAD
COMPANY.

Civ. A. No. 28473.

United States District Court
E. D. Pennsylvania.

Feb. 24, 1961.

Meyer, Lasch, Hankin & Poul, by Joseph Smukler, Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Myers & Rhoads, Arthur W. Leibold, Jr., Philadelphia, Pa., for defendant.

WOOD, District Judge.

Defendant has moved for transfer of the above action from this District to the United States District Court for the District of Maryland (sitting at Denton, Maryland) in accordance with the provisions of Title 28 U.S.C.A. § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff's suit might have been brought in the United States District Court for the District of Maryland, since plaintiff resides at Delmar, Maryland, and the accident involved in the suit occurred at Easton, Maryland.

In support of his motion counsel for defendant has adequately briefed the issues involved and relies substantially on United States v. Gerber, D.C.E.D.Pa. 1949, 86 F.Supp. 175, at page 178, wherein the late Judge Bard stated:

"The choice of venue in the interests of justice is actually determined by a preponderance of the facts in favor of either the plaintiff or the defendant * * *"

He has also cited the decision of our colleague Judge Grim in Clark v. Pennsylvania Railroad Co., D.C.E.D.Pa.1960, 180 F.Supp. 877.

We are not in the slightest disagreement with the decision in either of those cases, but are of the opinion that the facts in this case do not meet the "preponderance" test stated by Judge Bard. Nor are the facts similar to those before Judge Grim. In the latter case, the issue involved was whether the case should be tried in Cleveland or Philadelphia. The difference in traveling distance for the witnesses in that case was considerable, whereas in the case at bar the witnesses would have to travel between fourteen and forty miles to Denton and between 105 and 122 to Philadelphia. Denton is obviously a rural community, whereas Philadelphia is a large metropolitan area easily accessible, and we are unable to place much materiality on the limited number of miles involved.

Furthermore, Judge Grim found as a fact that the case before him would be tried much quicker in Cleveland than Philadelphia In our case the facts conclusively show that the United States

District Court for the District of Maryland has not sat in Denton in many years and there is no reason to believe that it will sit there in the reasonably near future, except on special application to the Court, which they might or might not allow. Apparently this will be a reasonably short trial, causing little inconvenience to witnesses. There are adequate accommodations for them in Philadelphia and satisfactory means of travel here without undue burden to either lay or expert witnesses. As aforesaid, therefore, we conclude that the test of preponderance has not been met, and since plaintiff has chosen this forum, the defendant's motion to transfer must be denied.