**Dessie ROGERS, Administratrix of the Estate of Jarred P. Rogers, deceased, Plaintiff,**

v.

**The BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, Defendant.**

**Civ. A. No. 63–143.**

United States District Court W. D. Pennsylvania.

June 27, 1963.

---

John M. Feeney, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

E. V. Buckley, Mercer & Buckley, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

The case is before this Court on defendant's motion, under Section 1404(a) of the Judicial Code [28 U.S.C. § 1404 (a)] [1], to transfer this action, brought under the Federal Employers' Liability Act, to the United States District Court for the Northern District of West Virginia, sitting at Clarksburg. The following facts appear from the pleadings and from the affidavits submitted by defendant:

1. Plaintiff, a resident of Grafton, West Virginia, was appointed Administratrix of the Estate of decedent by an appropriate court of Taylor County, West Virginia.

2. Decedent, a resident of Grafton, West Virginia, allegedly sustained fatal injuries as a result of an accident occurring at defendant's yard at Grafton, West Virginia, while he was employed as a brakeman by defendant and was engaged as a yard helper in a switching operation.

3. Defendant, although maintaining places of business in Pennsylvania, is a corporation organized and existing under the laws of Maryland, having its principal place of business in Baltimore, Maryland, and maintaining a place of business in Grafton, West Virginia, where the accident allegedly occurred.

4. While it is alleged that there were no eye witnesses to the accident, of the members of the crew of the train involved who will testify as to its operation, the discovery of decedent and conditions in and around the train, one is a resident of Fairmont, West Virginia, and the other three are residents of Grafton.

5. The members of the ambulance squad which transported decedent to the Grafton City Hospital and later to St. Mary's Hospital at Clarksburg, West Virginia, are both residents of Grafton.

6. The four doctors who will testify at the trial reside in Clarksburg, West Virginia.

7. The parties will require the records from the Grafton (W.Va.) City Hospital and from St. Mary's Hospital at Clarksburg, as well as the attendance of the record clerks from those Hospitals.

8. The approximate distances from Pittsburgh of the places from which witnesses will be required are as follows: Fairmont, 92 miles; Grafton, 100 miles; and Clarksburg, 118 miles.

The plaintiff contends that to grant the defendant's motion here would be to deprive her of a statutory right to have the case tried in the forum of her choice. Section 6 of the Employers' Liability Act (45 U.S.C. § 56) gives the plaintiff an option to bring her action "in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action

---

1. "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

arose, or in which the defendant shall be doing business at the time of commencing such action." Section 1404(a) of the Judicial Code does not effect an implied repeal of this clearly substantial right. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); Hohler v. Pennsylvania Railroad Company, 140 F.Supp. 487 (W.D.Pa.1956). But it does impose a limitation on that right in the interest of convenience and the more efficient and effective administration of justice. All States Freight v. Modarelli, 196 F.2d 1010 (3rd Cir. 1952).

■ The plaintiff further contends that her choice of forum should be negated only upon a showing of clear and compelling reason, since the doctrine of forum non conveniens requires more than mere inconvenience for the dismissal of a case. This motion, however, is not based upon the doctrine of forum non conveniens, but upon Section 1404(a), which is more than a codification of that doctrine; it is a revision of it. Cain v. Bowater's Newfoundland Pulp and Paper Mills, 127 F.Supp. 949 (E.D.Pa.1954). The statute gives the District Court a broader discretion than it had under the doctrine of forum non conveniens and permits it "to grant transfers upon a lesser showing of convenience." Norwood v. Kirkpatrick, 349 U.S. 29, 75 S. Ct. 544, 99 L.Ed. 789 (1955).

■■ The Court, in exercising that discretion, however, should not apply the statute so as to reduce the plaintiff's option under Section 6 of the Liability Act to a thing of little practical significance. In determining whether the defendant's motion should be granted, we have considered and given due weight to "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; cost of obtaining attendance of willing witnesses; inconvenience of the parties; * * * and all other practical problems that might make trial of a case thorough,

expeditious and inexpensive." Mutual Life Insurance Company of New York v. Ginsburg, 125 F.Supp. 920, 923 (W.D. Pa.1954).

Not only is plaintiff a resident of the district to which transfer is sought, but defendant maintains a place of business there and all the witnesses reside there. None of the witnesses reside in the Pittsburgh area. It will be more expensive and inconvenient to bring the witnesses to Pittsburgh for the trial than it would be to take them to Clarksburg. The fact that transferring this action would require present counsel to try it in Clarksburg and to employ West Virginia counsel is a slight inconvenience when weighed with the other considerations in the case.

Furthermore, the doctors who treated decedent, as well as some of the hospital records and one of the record clerks, are in Clarksburg beyond the subpoena power of this Court. Rule 45(e) (1), Federal Rules of Civil Procedure. Likewise, if depositions are taken it may have to be done somewhere other than in Pittsburgh, because all the witnesses are beyond the subpoena power of this Court for the purpose of taking depositions. Rule 45(d) (2), Federal Rules of Civil Procedure.

■ While Section 6 of the Liability Act permits the action to be brought in a district in which the defendant is doing business, this district actually has no particular local interest in this case with regard to either parties or subject matter. This action is certainly one which could have been brought in West Virginia. Examination of the record convinces us that the defendant's motion is not based on mere convenience and that proper administration of justice will best be served by transferring this case to the District Court for the Northern District of West Virginia.

An appropriate order will be entered.