Leo D. DETRICK,

v.

The **BALTIMORE & OHIO RAILROAD COMPANY.**

Civ. A. No. 71–181.

United States District Court,
E. D. Pennsylvania.

Aug. 20, 1971.

Kenneth Syken, Richter, Syken, Ross, Binder & O'Neill, Philadelphia, Pa., for plaintiff.

John A. Shrader, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

EDWARD R. BECKER, District Judge.

This is an action brought under the Federal Employers' Liability Act, 45 U.S. C. §§ 51–60 (1964), to recover damages for personal injuries allegedly sustained by the plaintiff on three separate occasions while working for the defendant railroad. Presently before us is defendant's motion to transfer the action to the United States District Court for the District of Maryland, pursuant to 28 U.S. C. § 1404(a) (1964). For the reasons hereinafter stated, the motion will be granted.

The facts adduced from the complaint are as follows. Plaintiff is a resident and citizen of Ridgely, West Virginia. Defendant is incorporated under the laws of Maryland with its principal place of business in Baltimore. Plaintiff's three separate injuries all occurred during 1968 at the defendant's roundhouse in Cumberland, Maryland. Plaintiff alleges that: (1) on or about February 1, 1968, while employed by defendant as a pipefitter, he was removing the filter from the side of the jeep door of a locomotive when the filter broke, causing him to strike his arms and sustain personal injury; (2) on or about September 16, 1968, he was engaged in hooking a certain filter shield when, due to defendant's negligence, he was struck on both hands and sustained serious injury; and (3) on or about October 7, 1968, he was engaged in securing a filter in its housing when he slipped and fell by reason of a negligently maintained condition inside the engine and as a result suffered injury to the back, brain and nervous system.

In its motion, with supporting affidavits which are uncontroverted, defendant sets forth that eight persons whom it presently knows to be witnesses in the case (three eyewitnesses who are employees of the defendant and five medical witnesses who have treated the plaintiff) all reside some 218 miles or more from Philadelphia, in or near the District of Maryland.[1] With one exception, they are within its subpoena reach, and all are beyond the subpoena power of this Court. Defendant asserts that all of these witnesses are necessary to its presentation of the case at trial, that it intends to call them if plaintiff does not, and that the expense of bringing them to Philadelphia would be great and would entail an untoward loss of time, particularly on the part of the physicians. Defendant's counsel has also represented to the Court that discovery is incomplete, and that it may result in other witnesses from Maryland being required to testify.

From the pleadings and oral argument, it is clear that the only connections that this case has with the Eastern District of Pennsylvania are that plaintiff's attorneys are located in Philadelphia, and that plaintiff has chosen this Court as his forum. In view of the settled principle that plaintiff's choice of forum is entitled to great weight (see *infra*), plaintiff asserts that the facts of this case do not support a change of venue. In his brief, he alleges that: (1) the factual circumstances of each of the accidents are not complex;

---

1. The fact witnesses which defendant intends to produce are: (1) Calvin M. Carder, enginehouse foreman, from Ridgely, West Virginia; (2) Ralph L. Dyche, pipefitter, from Cumberland, Maryland; and (3) Donald G. Tansill, pipefitter, from Ridgely, West Virginia. The medical doctors who treated the plaintiff, and who reside in Cumberland, Maryland, are: (1) L. Brings; (2) Robert Feddis (orthopaedic surgery); (3) Roy T. Agostini; and (4) John P. Light. Dr. J. A. Ragione, who also treated the plaintiff, formerly lived in Cumberland but now resides in Roanoke, Virginia.

(2) the issues of liability are not substantial; (3) the "likelihood is that the railroad will be compelled to admit liability"; and (4) the fact that the defendant's witnesses are located outside the subpoena range of this Court is irrelevant, since "the defense will probably concern itself with the production of routine inspection reports of the equipment involved in the accidents." Defendant, however, does not concede that the factual circumstances of the case and the nature of its liability defense is simple or routine; it also does not concede liability on any of the three claims. In addition to the foregoing, plaintiff alleges that the doctors will "probably" be called by plaintiff as his witnesses and thus the defendant will not be inconvenienced.

█ █ 28 U.S.C. § 1404(a) provides for a change of venue in certain circumstances:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Construing the doctrine of *forum non conveniens*, from which § 1404(a) arose, the Supreme Court noted in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947):

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment." *Id.* at 507, 67 S.Ct. at 842.

In *Gulf Oil*, the Court listed the relevant criteria to be applied to transfers of venue for *forum non conveniens*: (1) relative ease of access to sources of proof; (2) availability of unwilling witnesses to service of subpoena; (3) cost of attendance at trial by willing witnesses (comparative distances to forum); (4) relation of community in which courts and jurors are required to serve to the occurrences at issue in the litigation; (5) accessibility of the premises involved in the litigation to view by the jury; and (6) relative congestion of court dockets and prospects for earlier trial.

█ It is, of course, well settled law that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, *supra* at 508, 67 S.Ct. 839. In order to invoke the doctrine of *forum non conveniens*, the defendant is required to show more than a limited degree of added convenience in trying the case in a different jurisdiction. Naughton v. Pennsylvania R. R., 85 F.Supp. 761, 763 (E.D.Pa.1949). The circumstances of the case must establish such hardship on the defendant as would amount to vexatiousness or oppression if the court refused to relinquish its jurisdiction. Williams v. Green Bay & W. R. R., 326 U.S. 549, 554, 66 S.Ct. 284, 90 L.Ed. 31 (1946). A federal court exercises broad discretion in considering motions to transfer. Norwood v. Kirkpatrick, 349 U.S. 29, 31–32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Under the F.E.L.A., the right granted a plaintiff to choose a forum for the action is a substantial right, and although the action is not immune from an application of *forum non conveniens*, a railroad must unequivocally and definitely spell out a clear case of inconvenience and show a strong case for transfer. Skultety v. Pennsylvania R. R., 91 F.Supp. 118, 121 (S.D. N.Y.1950).

There are a plethora of cases dealing with § 1404(a), and defendant relies upon a number of them to support a change of venue. The ones which we consider to be the most apposite are Rogers v. Baltimore & O. R. R., 219 F. Supp. 598 (W.D.Pa.1963); Hostetler v. Baltimore & O. R. R., 164 F.Supp. 72 (W.D.Pa.1958); Carbeck v. Baltimore &

O. R. R., 160 F.Supp. 626 (E.D.Pa.1958); and Rhoton v. Interstate R. R., 123 F. Supp. 34 (E.D.Pa.1954).

In Rogers v. Baltimore & O. R. R., *supra*, an F.E.L.A. action was transferred from the Western District of Pennsylvania, sitting at Pittsburgh, to the Northern District of West Virginia, sitting at Clarksburg. The operative facts were that plaintiff's decedent resided in Grafton, West Virginia, where the accident occurred, 100 miles from Pittsburgh and 17 miles from Clarksburg. There were no eye-witnesses to the accident, but plaintiff's fellow crew members, who were to testify as to the defendant's operations, resided in Grafton and in Fairmont, West Virginia, which are close to Clarksburg but 100 miles and 92 miles respectively from Pittsburgh. Four doctors who treated plaintiff and would testify resided in Clarksburg, and the parties required the presence of the records and record custodians from two hospitals in Clarksburg, which is 118 miles from Pittsburgh and beyond the subpoena power of the transferor court. The convenience of Clarksburg vis-a-vis Pittsburgh motivated the court's decision.

Similarly, in Hostetler v. Baltimore & O. R. R., *supra*, an F.E.L.A. action was transferred from the Western District of Pennsylvania to the District of Maryland, which court sits either at Baltimore or Cumberland, in its discretion. Plaintiff resided at Keyser, West Virginia, 136 miles from Pittsburgh, the transferor forum, 26 miles from Cumberland, and 166 miles from Baltimore. The accident occurred at Hagerstown, Maryland, 178 miles from Pittsburgh, 68 miles from Cumberland, and 72 miles from Baltimore. Three witnesses resided in Cumberland, and five witnesses resided in Hagerstown, all eight in the employ of the defendant. Plaintiff was examined by five doctors, four of whom resided in Baltimore, 250 miles from Pittsburgh and 140 miles from Cumberland, and one resided in Keyser. Plaintiff had one medical expert who resided in Pittsburgh. Based upon these facts, the court held that, although a trial in Baltimore might occasion 30 miles more travel for plaintiff than a trial in Pittsburgh, the comparatively small inconvenience to plaintiff and his medical expert was greatly outweighed by the greater convenience of the 13 other witnesses and the saving of needless trial expenses for the defendant.

In Carbeck v. Baltimore & O. R. R., *supra*, this Court transferred venue to the District of Maryland in an action brought under the F.E.L.A. where the facts established that the plaintiff resided in Pasadena, Maryland, 10 miles from Baltimore, the defendant was subject to process and had its principal office within the District of Maryland, all the witnesses, including five physicians, resided in or near Baltimore, the injury occurred in the regular operations in Maryland, and the case could be more speedily tried there due to a less crowded docket.

Finally, in Rhoton v. Interstate R. R., *supra*, this Court transferred an F.E.L.A. action to the district court in Virginia, because the plaintiff resided in Virginia, the defendant operated exclusively within Virginia, and all of the defendant's witnesses, hospital records and doctors were located there. Plaintiff's only medical witness, a neurosurgeon, was located in Philadelphia, but the court concluded that this one factor did not outweigh all the other connections with Virginia.

In contesting a change in venue, plaintiff relies principally upon Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D. Pa.1963). There, in an excellent opinion by Judge Joseph S. Lord, III, this Court denied defendant's motion to transfer a seaman's personal injury action to the Eastern District of Louisiana. We find, however, that the *Clendenin* case is distinguishable from the facts of the instant case for the following reasons: (1) the accident occurred at sea rather than in the transferee district; (2) the court in *Clendenin* recognized that seamen, as fact witnesses, testify

more often than not by deposition;[2] and (3) defendant had no knowledge of whether the alleged eye witnesses saw the accident or what they saw, and thus "the fact that another district is more convenient to witnesses who may testify is not a sufficiently strong factor to overcome plaintiff's venue privilege." Medich v. American Oil Co., 177 F.Supp. 682, 683 (E.D.Pa.1959). *See also* Skultety v. Pennsylvania R. R., *supra.*

■ We hold that defendant's motion for a change of venue should be granted. In so doing, we rely on the precedent of the *Rogers, Hostetler, Carbeck* and *Rhoton* cases, all of which are extremely similar to this case on their facts—even to the extent of the locale involved—and base our decision upon the following considerations:

1. In a situation where there are alleged to have occurred three separate accidents and injuries, raising complex questions concerning the interrelationship of the accidents, it is especially important to have the eyewitnesses and medical witnesses testify personally at trial.

2. The witnesses all reside 218 or more miles from this Court but in or near the District of Maryland. The cost of transporting and lodging the three (and perhaps more, by the time discovery is completed) liability witnesses and the five medical witnesses to this forum is substantial. More significant, however, than the cost of transportation is the impact of the event upon the medical witnesses, who are expected to give important testimony as to the nature of the plaintiff's injuries. None appear to be witnesses retained for litigation evaluation; it would be unfair to require them to disrupt their affairs for one or two days to come to Philadelphia to testify. It would also be unfair to the defendant or detrimental to the trial itself to proceed in their absence, a possibility heightened by the lack of assurance that plaintiff will produce them and the fact that they are beyond the subpoena power of this Court.

There is no doubt that each case involving *forum non conveniens* is, in a sense, sui generis. As the late and learned Judge Abraham Freedman noted in McFarlin v. Alcoa Steamship Co., 210 F. Supp. 793, 794 (E.D.Pa.1962):

"Interesting similarities to one or more of the facts in the case at hand may be found in the reported decisions. But in the end each case is unique and must be decided on its own circumstances."

On balance, we conclude that the defendant has met the criteria set forth in Gulf Oil Corp. v. Gilbert, *supra*, and satisfied its burden of proving a clear case of inconvenience and a strong case for transfer. Skultety v. Pennsylvania R. R., *supra*. Accordingly, we enter the following order

## ORDER

Now, this 20th day of August, 1971, it is ordered that defendant's motion to transfer this case to the United States District Court for the District of Maryland is granted and that this case be and hereby is transferred to that court.

---

2. In Medich v. American Oil Co., 177 F. Supp. 682, 683 (E.D.Pa.1959), Chief Judge Biggs noted:
"While the defendant has stressed that the seamen witnesses all reside in or near the Southern District of Texas, the very fact that their witnesses are seamen dilutes the importance of this factor; by the nature of their employment seamen are often unavailable as witnesses and their testimony must then be submitted in deposition form."