**Michael B. BAIRE, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

Civ. A. No. 81–2051.

United States District Court, W. D. Pennsylvania.

April 21, 1982.

---

Richard D. Gilardi, Gilardi & Cooper, Pittsburgh, Pa., for plaintiff.

David P. Helwig, Sharlock, Repcheck, Engel & Mahler, Pittsburgh, Pa., for defendant.

## OPINION

MARSH, District Judge.

This case was brought in the Western District of Pennsylvania under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. The complaint was filed on November 16, 1981. The defendant's answer was filed on January 8, 1982.

The defendant filed a Motion to Transfer the case to the United States District Court for the Northern District of Ohio at Cleveland, Ohio, on February 24, 1982, for the convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

An affidavit by the defendant's District Claim Agent, D. J. Summers, was attached in support of the Motion to Transfer Venue.

An evidentiary hearing was held on March 23, 1982.

The court makes the following:

## FINDINGS OF FACT

On August 30, 1980, the plaintiff, a resident of Olmsted Falls, a suburb of Cleveland, Ohio, was an employee of the defendant railroad. Both were engaged in interstate commerce or work affecting interstate commerce.

On August 30, 1980, the plaintiff injured his right knee. The injury was caused by a loose step on a railroad caboose parked in Collinwood Yard in Cleveland, Ohio.

There were no witnesses to the accident.

The plaintiff was taken to Euclid General Hospital adjacent to the City of Cleveland. At the hospital he was examined by Dr. Mozia in the emergency room and x-rays were taken and read by Dr. Tarar.

Dr. Mozia in his emergency room report indicated a knee sprain.

The plaintiff retained the law firm of Gilardi & Cooper practicing in Pittsburgh, Pennsylvania, in the Western District of Pennsylvania and chose this district in which to bring this action.

Plaintiff's Pittsburgh counsel sent him to Dr. Durning in Pittsburgh. Dr. Durning directed plaintiff to take physical therapy. Plaintiff took physical therapy treatments at the Euclid Medical Foundation located next to the Euclid General Hospital under the direction of Dr. Nemunaitis who saw the plaintiff approximately 11 times.

Dr. Nemunaitis indicated that there was a mild sprain of the knee.

Conrail employees who investigated the accident in addition to the claim agent, D. J. Summers, were Jack Elmore, a claim agent; Ray Levanduski, assistant general foreman; C. Hildabrand, general car foreman; R. Courtney, train master; R. Stapleton, track supervisor; all of whom reside in Cleveland, Ohio, and A. J. Licate, employed by Conrail in Cleveland as a master mechanic in charge of all car repairs.

There is no rail transportation between Cleveland and Pittsburgh.

In the defendant's brief, it is alleged that following the hearing "defendant has scheduled an examination of the plaintiff by Dr. Kent Brown in Shaker Heights, Ohio who may be a necessary witness."

The plaintiff was referred to Dr. David Steele of Pittsburgh by his Pittsburgh counsel.

The plaintiff was hospitalized in the Divine Providence Hospital in Pittsburgh in

November, 1980, in April, 1981, and October, 1981. On each occasion, he underwent knee surgery performed by Dr. Steele under whose care he remains.

It appears that the defendant's employees can testify concerning the defective step on the caboose; and that the caboose was placed in the caboose pad at the Collinwood Yard for repairs; and the reason for the plaintiff's presence on the out-of-service caboose. Plaintiff's brief states that plaintiff was working as a car foreman at the time of his injury.

As stated by Judge Abraham Freeman, in *McFarlin v. Alcoa Steamship Company*, 210 F.Supp. 793, 794 (E.D.Pa.1962):

"Interesting similarities to one or more of the facts in the case at hand may be found in the reported decisions. But in the end each case is unique and must be decided on its own circumstances."

 In order to overturn the plaintiff's choice of forum, the party seeking the transfer bears a heavy burden of showing a strong balance of inconvenience. *Detrick v. Baltimore & Ohio Railroad Company*, 330 F.Supp. 257 (E.D.Pa.1971).

Since the accident occurred at the defendant's facility in Cleveland, Ohio, all necessary witnesses, including plaintiff, reside in that district; plaintiff was hospitalized and treated by physicians in the Cleveland area. In our opinion, proper venue, convenient trial, and the interest of justice require that the within action be transferred to the United States District Court for the Northern District of Ohio.

In *Rhoton v. Interstate R. Co.*, 123 F.Supp. 34 (E.D.Pa.1954), it is stated at p. 35:

"As against this, plaintiff says the neurosurgeon he consulted lives in Philadelphia and the hospital to which he was sent by the surgeon is in Philadelphia. Without inquiring into plaintiff's motives in selecting a physician six hundred miles from his home, it certainly involved additional expenses to which he did not object and conversely should not now as an expense in producing him as a witness at the place where the accident occurred, where all other witnesses are located, where plaintiff resides, where defendant's railroad is located, and where defendant's hospital records and doctors are and in the ordinary course would naturally be located, outweigh all of these considerations."

Cf., *Clark v. Pennsylvania Railroad Company*, 180 F.Supp. 877 (E.D.Pa.1960); and *Stevens v. Consolidated Rail Corporation*, C.A. 81–1844 (W.D.Pa.1982), involving the same counsel for plaintiff and defendant attached hereto.

An order will be entered transferring the case to the Northern District of Ohio.