861 P.2d 270

**Glorya WERNER, Plaintiff–Appellant,**

**v.**

**WAL–MART STORES, INC., a Delaware Corporation, Defendant–Appellee.**

**No. 12874.**

Court of Appeals of New Mexico.

Sept. 7, 1993.

**230**

E. Justin Pennington, Law Offices of E. Justin Pennington, Albuquerque, for plaintiff-appellant.

Larry D. Beall, Beall & Biehler, P.A., Albuquerque, for defendant-appellee.

William H. Carpenter, Chairman, Michael B. Browde, New Mexico Trial Lawyers Ass'n, Albuquerque, for amicus curiae New Mexico Trial Lawyers Ass'n.

Benjamin Silva, Jr., President, New Mexico Defense Lawyers Ass'n, Earl E. DeBrine, Jr., Stuart R. Butzier, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for amicus curiae New Mexico Defense Lawyers Ass'n.

## OPINION

CHAVEZ, Judge.

Plaintiff appeals the district court's order granting Defendant's motion to dismiss for lack of personal jurisdiction. Two issues are raised on appeal: (1) whether the district court erred in finding that New Mexico courts lack personal jurisdiction over Defendant, and (2) whether the district court erred in finding that New Mexico is not a convenient forum for adjudication of Plaintiff's complaint. We reverse on the first issue and remand for further findings on the second issue.

## FACTS

Plaintiff filed her complaint for personal injury on August 16, 1990, alleging negligence on the part of Defendant. In her complaint, Plaintiff alleged that: (1) Werner is a resident of Bernalillo County, New Mexico; (2) Wal–Mart Stores, Inc., is a Delaware Corporation which is duly registered and doing business in Bernalillo County, New Mexico; (3) Wal–Mart Stores, Inc., maintains a registered agent in the State of New Mexico for service of process within this state; and (4) The negligence resulting in injury to Werner occurred while she was visiting a Wal–Mart store in Hinesville, Georgia.

Plaintiff began this action by serving the summons and complaint on Defendant's registered agent for service of process in New Mexico on August 17, 1990, by personal service. On September 14, 1990, Defendant responded by filing a Special Entry of Appearance and Motion to Dismiss with Prejudice for Lack of Personal Jurisdiction.

Defendant's motion admitted that it is a Delaware corporation doing business in New Mexico, as well as Georgia where the alleged injury occurred. Defendant argued, however, that Plaintiff's service of process did not meet the requirements of New Mexico's long-arm statute, NMSA 1978, § 38–1–16 (Repl.Pamp.1987), and therefore the district court lacked personal jurisdiction over Defendant. The district court granted Defendant's motion to dismiss for lack of personal jurisdiction and also concluded that a New Mexico court would not be the convenient forum.

This Court invited amicus briefs from the New Mexico Trial Lawyers Association and the New Mexico Defense Lawyers Association to aid our analysis of the question concerning personal jurisdiction presented by this case. The amicus briefs were thoughtful and helpful to our consideration of this issue of first impression in New Mexico.

## DISCUSSION

### In Personam Jurisdiction

Plaintiff makes several arguments in support of her assertion of error on the part of the district court when it ruled that New Mexico courts lack jurisdiction over Defendant. Plaintiff argues: (1) that Section 38–1–16 does not bar proceeding with her complaint in New Mexico; (2) that exercise of jurisdiction by our state's courts

comports with the Due Process Clause of the Fourteenth Amendment; and (3) that our courts have jurisdiction over Defendant as a result of Defendant's consent to such jurisdiction pursuant to the New Mexico Business Corporation Act. NMSA 1978, §§ 53–11–1 to 53–18–12 (Repl.Pamp.1983 & Cum.Supp.1992). Defendant, on the other hand, argues that Section 38–1–16 is the sole means by which New Mexico courts can assert jurisdiction over Defendant and that the allegations in Plaintiff's complaint are not covered by the statute.

■ We agree with Defendant that Section 38–1–16 cannot be used to assert jurisdiction over it because Plaintiff's cause of action did not arise from Defendant's transaction of business in New Mexico, nor from its commission of a tortious act here. *See* § 38–1–16(A); *Salas v. Homestake Enters.*, 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987). We thus turn to an examination of Section 53–17–11 of the Business Corporation Act to determine whether, as Plaintiff asserts, this statute grants authority for our state courts to exercise in personam jurisdiction over foreign corporations authorized to transact business in New Mexico, such as Defendant. *See* § 53–17–1 (requirement of procuring a certificate of authority to transact business in the state).

Under Section 53–17–11,

The registered agent appointed by a foreign corporation authorized to transact business in this state shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served. Nothing in this section limits or affects the right to serve any process, notice or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law.

An exercise of personal jurisdiction under Section 53–17–11 can be based on a theory of consent. The United States Court of Appeals for the Eighth Circuit recently faced the question of whether a foreign corporation's appointment of an agent for service of process pursuant to Minnesota law operated as consent to the jurisdiction of Minnesota's courts. *Knowlton v. Allied Van Lines*, 900 F.2d 1196 (8th Cir.1990). The *Knowlton* court observed:

Consent is the other traditional basis of jurisdiction, existing independently of long-arm statutes. Personal jurisdiction, unlike subject-matter jurisdiction, is primarily concerned with fairness to individual parties. Objections to jurisdiction over the person may be waived, either expressly or by not asserting them in a timely manner. A defendant may voluntarily consent or submit to the jurisdiction of a court which otherwise would not have jurisdiction over it. One of the most solidly established ways of giving such consent is to designate an agent for service of process within the State.

*Id.* at 1199 (citation omitted); *see also Holloway v. Wright & Morrissey, Inc.*, 739 F.2d 695, 697 (1st Cir.1984); Restatement (Second) of Conflict of Laws § 44 (1969).

■ While designation of an agent for service of process may confer power on a state to exercise its jurisdiction, it does not automatically do so. We must look to the legislative intent underlying the adoption of Section 53–17–11 to see if such exercise of jurisdiction over foreign corporations was intended by enactment of the statute. In construing a statute, all the sections must be considered together in order to give meaning to a single section that will fulfill the underlying legislative intent. *Page & Wirtz Constr. Co. v. C & G Prestressed Concrete*, 108 N.M. 375, 377, 772 P.2d 1298, 1300 (1989).

■ Article 17 of the Business Corporation Act deals with foreign corporations. *See* §§ 53–17–1 to –20. Section 53–17–2 defines the power of a registered foreign corporation as the same but no greater than that of a domestic corporation. Thus, the legislative intent expressed in Section 53–17–2 appears to have been to equalize foreign and domestic corporations operating within New Mexico with respect to "rights and privileges," as well as "duties, restrictions, penalties and liabilities." *Id.* We find Section 53–17–2 to support the

reading of the service-of-process statute as conferring state-court jurisdiction through consent.

Our reading of Section 53–17–15 of the Act also persuades us that the legislature intended to confer state-court jurisdiction over registered foreign corporations through Section 53–17–11. Section 53–17–15(A) provides for the withdrawal from New Mexico of foreign corporations authorized to transact business here. It states, in part, the application for withdrawal shall set forth:

> (4) that the corporation revokes the authority of its registered agent in this state to accept service of process and consents that service of process in any action, suit or proceeding *based upon any cause of action arising in this state during the time the corporation was authorized to transact business in this state* may thereafter be made on the corporation by service thereof on the secretary of state[.]

*Id.* (emphasis added). This section limits the validity of this type of service of process to causes arising in the state. There are no such words of limitation in Section 53–17–11. We conclude that without an express limitation, the legislature intended for Section 53–17–11 to apply to any claims against a foreign corporation with a registered agent in New Mexico. *See Knowlton,* 900 F.2d at 1199.

■ In its amicus brief, the New Mexico Defense Lawyers Association contends that, even if the legislature intended to enact a jurisdictional consent statute in Section 53–17–11, Article XI, Section 13, of the New Mexico Constitution would prohibit extending the reach of the statute beyond causes of action arising from a foreign corporation's transaction of business in New Mexico. We disagree with this reading of the constitutional provision. Section 13 provides, in part, that "all corporations, doing business in this state, may, as to such business, be regulated, limited or restrained by laws not in conflict with the Constitution of the United States or of this Constitution." In essence, Section 13 states that the legislature may regulate,

through the enactment of laws, the business conducted by corporations in the state. We do not read into this provision a prohibition against enacting a jurisdictional consent statute applying to registered foreign corporations, which is a matter separate and apart from regulating the transaction of business occurring in New Mexico. Although Article XI, Section 13 may restrict the application of substantive law to a foreign corporation, we do not read it as limiting the forums in which controversies are to be decided. *See General Motors Acceptance Corp. v. Anaya,* 103 N.M. 72, 76, 703 P.2d 169, 173 (1985) (court will not read language into statute which is not there).

From our analysis of the relevant portions of the Business Corporation Act, we find that New Mexico courts can properly obtain jurisdiction over a defendant corporation under Section 53–17–11. Other jurisdictions with similar statutory provisions for service of process on foreign corporations are in accord with our interpretation of the New Mexico statute. *See Knowlton,* 900 F.2d at 1200 (interpreting a Minnesota foreign corporations service-of-process statute); *Holloway,* 739 F.2d at 699 (interpreting a New Hampshire foreign corporations service-of-process statute which in pertinent part parallels NMSA 1978, Section 53–17–11); *In re FTC Corporate Patterns Report Litig.,* 432 F.Supp. 274, 286 (D.D.C.1977) (the service of process on registered agent of corporation authorized to do business in the District of Columbia sufficient to bring corporation before court), *aff'd,* 595 F.2d 685 (D.C.Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978); *Wallenta v. Avis Rent A Car Sys.,* 10 Conn.App. 201, 522 A.2d 820, 822–25 (1987); *Acacia Pipeline Corp. v. Champlin Exploration,* 769 S.W.2d 719, 720 (Tex.Ct.App.1989). *But see Budde v. Ling–Temco–Vought, Inc.,* 511 F.2d 1033 (10th Cir.1975) (interpreting New Mexico law); *Pearrow v. National Life & Accident Ins. Co.,* 703 F.2d 1067, 1069 (8th Cir.1983).

■ Although the district court apparently ruled that due process also required dismissal of the complaint for lack of personal jurisdiction, Defendant did not press

that point at oral argument. The record in this case is too scant for this Court to make a determination, but we suspect that Defendant recognizes that it has a sufficient presence in New Mexico to satisfy due process concerns. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Therefore, we do not agree that dismissal was required on due process grounds. *See also Knowlton*, 900 F.2d at 1200 (when personal jurisdiction is based on consent, resort to minimum-contacts or due-process analysis is unnecessary). We conclude that the district court had personal jurisdiction over Defendant, and therefore erred in dismissing this action for lack of personal jurisdiction.

*Forum Non Conveniens*

Although the district court had personal jurisdiction over Defendant, the next question is whether New Mexico is an inconvenient forum for these proceedings. *See Acacia Pipeline Corp.*, 769 S.W.2d at 720 (even if jurisdiction exists, a court must still determine whether the state in which it sits is a convenient forum). The district court held that New Mexico was not the proper forum for this action. Plaintiff argues that forum non conveniens is an affirmative defense that should have been pleaded and proved by Defendant. Defendant never moved to dismiss on the basis of forum non conveniens and the issue was never argued below. On appeal, Defendant argues that litigation of this action in New Mexico would be inappropriate under the doctrine of forum non conveniens because the acts which gave rise to the complaint occurred in Georgia, none of the witnesses for the defense are present in New Mexico, and that access to sources of proof would be difficult.

■ Forum non conveniens is a doctrine left largely to the discretion of the trial court. *Buckner v. Buckner*, 95 N.M. 337, 338, 622 P.2d 242, 243 (1981). This doctrine assumes jurisdiction. In order to exercise its discretion to forego jurisdiction in favor of a forum with concurrent jurisdiction, the trial court must weigh various factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ In *Buckner*, our Supreme Court described factors to be weighed in determining whether the doctrine should be invoked:

> "Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, " 'vex'," " 'harass'," or " 'oppress' " the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. *But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.*"

*Id.* at 339, 622 P.2d at 244 (quoting *Gulf Oil Corp.*, 330 U.S. at 508, 67 S.Ct. at 843). Obviously, it would be unfair to make a ruling on these factors without giving Plaintiff an opportunity to prepare her presentation to the court on the matter. Because the issue was raised sua sponte by the district court without notice to plaintiff, we must reverse the district court's determination that New Mexico was an inconvenient forum. Our reversal on this ground is without prejudice to a future decision on the matter after a proper hearing.

CONCLUSION

For the foregoing reasons, we reverse the district court's order dismissing Plaintiff's complaint for lack of personal jurisdiction. We also reverse the district

court's determination that New Mexico was an inconvenient forum.

**IT IS SO ORDERED.**

DONNELLY and HARTZ, JJ., concur.