Raymond E. BROMLEY and Carolyn J. Bromley, Appellants and Cross–Appellees,

v.

John D. MITCHELL d/b/a Mitchell Marine Service; John D. Mitchell d/b/a Yacht Doc; and Jim Henson d/b/a Yacht Doc, Appellees and Cross–Appellants.

Nos. S–6399/6449.

Supreme Court of Alaska.

Sept. 8, 1995.

John S. Hedland, Eric J. Brown and Amy L. Vaudreuil, Hedland, Fleischer, Friedman, Brennan & Cooke, Anchorage, for appellants and cross-appellees.

John D. Mitchell, Seattle, Washington, pro se.

Jim Henson, Kirkland, Washington, pro se.

Before: MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

MOORE, Chief Justice.

### I. *INTRODUCTION*

Alaska resident Raymond Bromley entered into an agreement with Yacht Doc, a Washington company, to purchase a sport fishing vessel. Bromley also entered into an agreement with Mitchell Marine Service, another Washington company, to make repairs

to the boat. Alleging that both the sales and the repair agreements were breached, Raymond and his wife Carolyn sued John Mitchell, d/b/a Mitchell Marine Service and Yacht Doc, and Jim Henson, d/b/a Yacht Doc.

The superior court ordered the claims against Mitchell and Henson dismissed on grounds of *forum non conveniens,* and awarded attorney's fees to Mitchell. The Bromleys appeal these rulings. We affirm the lower court's dismissal of the claims against Mitchell and its award of attorney's fees. We reverse the court's dismissal of Henson.

## II. *FACTS AND PROCEEDINGS*

Intent on purchasing a sport fishing vessel, Raymond Bromley responded by telephone to an ad in the "Northwest Boat Trader." John Mitchell returned Bromley's call, identifying himself as a representative of Mitchell Marine Service and of Yacht Doc, a brokerage firm in the business of locating and buying boats. Communication between the two men led to an agreement by which Yacht Doc agreed to procure a vessel for Bromley. Bromley and Mitchell entered into a separate, apparently oral, contract which provided that Mitchell Marine Service would repair the boat.

Yacht Doc located a boat and transported it to Seattle, where Mitchell Marine Service performed the repair work. Bromley retained a third party to sail the vessel from Seattle to Anchorage. The voyage north ended in Sitka, however. The Bromleys claim that because of inadequate fuel tanks and other problems, the boat could be sailed no farther.

Mitchell sued Raymond Bromley in the superior court of King County, Washington, for unpaid repairs to the boat. Before Bromley answered Mitchell's complaint, Raymond and Carolyn Bromley sued Mitchell d/b/a Mitchell Marine Service and Yacht Doc, in Anchorage, alleging that the vessel did not comport with the brokerage agreement and that the repair work had been improperly performed.

Mitchell filed a motion to dismiss the Alaska case, arguing lack of personal jurisdiction and *forum non conveniens.* The superior court dismissed the suit for lack of personal jurisdiction. We reversed the personal jurisdiction dismissal and remanded for a determination of Mitchell's *forum non conveniens* claim. *Bromley v. Mitchell,* Mem. Op. & J. No. 0675 (Alaska, July 28, 1993). After remand, the Bromleys amended their complaint to allege that Jim Henson, who Mitchell asserted was the owner of Yacht Doc, had also violated the brokerage agreement.[1]

While the *forum non conveniens* issue was pending in the superior court, the Washington case was resolved in Mitchell's favor. The judgment provided that "[a]ll of the claims of the parties, or potential claims between the parties, arising from the facts referred to [in] the Plaintiff's complaint, were adjudicated and resolved." This prompted Mitchell to seek summary judgment in the Alaska case; he argued that the Bromleys' claims were compulsory counterclaims in the Washington case, and therefore were barred under the doctrine of *res judicata.*

In an order applicable to both Mitchell and Henson, the superior court granted Mitchell's motion to dismiss on grounds of *forum non conveniens.*[2] The Bromleys then filed a motion for reconsideration. The court denied the Bromleys' motion for reconsideration and directed the Bromleys to respond to Mitchell's motion for summary judgment. The court subsequently granted the summary judgment motion in part, holding that "[t]o the extent this court's decision on forum non conveniens grounds may be reversed, those portions of the amended complaint [which consisted of repair claims against Mitchell d/b/a Mitchell Marine Service] are

---

1. Mitchell made this assertion in his motion to dismiss on grounds of lack of personal jurisdiction and *forum non conveniens.*

2. Henson did not join in the motion to dismiss on grounds of *forum non conveniens,* however. Until he filed a brief on appeal, Henson's participation in the case was apparently limited to a

letter to the superior court which "object[ed] to this court having jurisdiction" and "den[ied] all the allegations and charges made by the plaintiff." The superior court considered the letter a non-conforming answer to the Bromleys' amended complaint.

dismissed." After awarding Mitchell attorney's fees, the court entered final judgment.

The Bromleys appeal the *forum non conveniens* dismissal and the award of attorney's fees.[3]

## III. DISCUSSION

### A. The Forum Non Conveniens Dismissal

#### 1. Standard of review

The prevailing rule regarding review of a *forum non conveniens* dismissal is that such a determination is

> committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). *See also Marks v. LaBerge*, 146 Ariz. 12, 703 P.2d 559, 563 (App.1985) (holding that a *forum non conveniens* decision is "left to the sound discretion of the trial court"); *Stangvik v. Shiley, Inc.*, 54 Cal.3d 744, 1 Cal.Rptr.2d 556, 560, 819 P.2d 14, 18 (1991) (according trial court's decision "substantial deference"); *Werner v. Wal–Mart Stores, Inc.*, 116 N.M. 229, 861 P.2d 270, 274 (App. 1993) (leaving decision "largely to the discretion of the trial court"); *West Tex. Utils. Co. v. Exxon Coal USA, Inc.*, 807 P.2d 932, 935 (Wyo.1991) (applying abuse of discretion standard).

The Bromleys raise three objections to the *forum non conveniens* dismissal, however, that pose questions of law: (1) is the doctrine applicable where, as here, the plaintiff is a resident and domiciliary of the chosen forum; (2) was Mitchell estopped from pursuing a *forum non conveniens* dismissal after he filed a motion for summary judg-

ment; and (3) was the court correct to apply the *forum non conveniens* dismissal to defendant Henson, even though Henson did not join in the motion? This court considers questions of law de novo, adopting a rule that is most persuasive in light of precedent, reason, and policy. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 4 (Alaska 1979).

#### 2. The doctrine of forum non conveniens applies where the plaintiff is a domiciliary of the forum state

In *Crowson v. Sealaska Corp.*, 705 P.2d 905 (Alaska 1985), we discussed five factors relevant to a *forum non conveniens* determination: ease of access to proof, availability and cost of witnesses, the possibility that the forum was chosen to harass, the enforceability of the judgment, and the burden on the community of litigating matters not of local concern. *Id.* at 908 (citing *Goodwine v. Superior Court*, 63 Cal.2d 481, 47 Cal.Rptr. 201, 204, 407 P.2d 1, 4 (1965) (noting general desirability of litigating local matters in local courts)). The Bromleys argue that these factors are relevant only if the action is between non-domiciliaries of the forum state. They contend that "if one [party] is a domiciliary, forum non conveniens does not apply regardless of the other factors." Based on this assertion and their Alaska domiciliary status, the Bromleys insist that the *forum non conveniens* dismissal must be reversed.

The Bromleys' legal premise is incorrect. Both *Crowson* and cases from other jurisdictions demonstrate that, while *forum non conveniens* motions will be granted only in exceptional cases where the plaintiff is a domiciliary of the chosen forum, the doctrine remains applicable in such circumstances. *Crowson* recognizes this principle when it notes that "[w]here ... plaintiff is a bona fide resident of the forum state, the doctrine of forum non conveniens has only an extremely limited application." *Crowson*, 705 P.2d at 908 (affirming lower court's refusal to dismiss on *forum non conveniens* grounds

---

**3.** Mitchell also cross-appeals the superior court's failure to grant him full summary judgment. But as mentioned above, the summary judgment order was composed so as to become effective only "[t]o the extent [that the superior] court's decision on forum non conveniens grounds may

be reversed." Since we affirm the *forum non conveniens* decision as to Mitchell, *see* part III.A., *infra*, the superior court's grant of partial summary judgment has no effect and will not be reviewed.

where plaintiff was Alaska corporation with principal place of business in Juneau). Thus, under Alaska law, the doctrine of *forum non conveniens* can apply to cases brought in Alaska by Alaskan plaintiffs. *Crowson*'s treatment of this issue is in keeping with the vast majority of states. While the Bromleys' proposed rule was once the law in a number of jurisdictions, "Florida is apparently the only state that still holds as a matter of law that there can be no dismissal of an action if one of the parties is a resident." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3828 n. 42 (1986). *Crowson*'s rule is also in accord with federal law, where courts follow the principle that "[a *forum non conveniens*] dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Piper Aircraft Co.,* 454 U.S. at 256 n. 23, 102 S.Ct. at 266 n. 23.

█ In short, the doctrine of *forum non conveniens* is applicable. Consequently, to obtain a reversal of the dismissal of their case, the Bromleys must demonstrate that the trial court abused its discretion in dismissing the case to a more convenient forum.

### 3. *The superior court's forum non conveniens dismissal of Mitchell was not an abuse of discretion*

The Bromleys offer two additional arguments that the lower court improperly granted Mitchell's *forum non conveniens* motion. First, they contend that the trial court was wrong to override "the weighty presumption in favor of a party's right to have access to courts of that party's residence" because this case fails to exhibit "any of the vices" which prompt courts to grant *forum non conveniens* dismissals against a domiciliary plaintiff. Second, the Bromleys argue that Mitchell's *forum non conveniens* objection should have been barred by estoppel after he filed a

motion for summary judgment. We find neither of these arguments convincing.

a. *The court's forum non conveniens determination was not based on an unreasonable weighing of the Crowson criteria*

█ As noted above, a court presented with a motion for *forum non conveniens* dismissal should consider (1) ease of access to proof, (2) availability and cost of witnesses, (3) the possibility that the forum was chosen to harass, (4) the enforceability of the judgment, and (5) the burden on the community of litigating matters not of local concern. *Crowson,* 705 P.2d at 908. It is true that "[u]nless the balance of these factors is strongly in favor of defendants, plaintiff's choice of forum should rarely be disturbed." *Id.* It is also the case, however, that we review the lower court's decision under an abuse of discretion standard, and that such an abuse exists only where the trial court's determination is "manifestly unreasonable." *See Malvo v. J.C. Penney Co.,* 512 P.2d 575, 586–87 (Alaska 1973). The facts of this case convince us that this is one of the limited instances in which a domiciliary plaintiff's choice of forum may in the trial court's discretion be disallowed.

The trial court found that the first two *Crowson* factors favored dismissal. It noted that except for the plaintiffs, all of the witnesses live "in Washington state or points further south." Similarly, the boat that is the subject of this dispute is in Washington. The ease of access to proof and availability of witnesses therefore indicate that this case would be more conveniently litigated in Washington.

Examining the third factor, the court concluded that the "plaintiff is motivated by, or at the very least must acknowledge the reality of, harassment of the defendant." [4] This conclusion was based on the court's observation that rather than trying the case in Washington, the Bromleys had embarked on a more expensive course which would involve sending their Alaska lawyer out-of-state to

---

4. When the court subsequently awarded attorney's fees, however, it refused to find that the

Bromleys had engaged in harassing litigation.

depose witnesses and paying for witnesses' travel to an Alaska trial.[5]

Moving to the fourth factor, the court remarked that "[t]here is ... no evidence that any judgment obtained by plaintiff could be enforced in Alaska." With regard to the final *Crowson* factor, the court found that Washington "does have an interest ... [in] insur[ing] consistency of decisions between this case and the previously commenced Washington suit, and [in] conduct[ing] judicial oversight of Washington business operations."

▇▇▇ A domiciliary plaintiff's choice of forum should be considered presumptively correct unless the defendant can demonstrate that the plaintiff's right to choose is outweighed by other factors. *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 525, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947) (holding that a plaintiff "should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing" that another forum is appropriate). On the facts of this case, we cannot say that the superior court's decision to dismiss the case against Mitchell was an abuse of discretion. The United States Supreme Court has noted that "[i]n any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." *Koster*, 330 U.S. at 525, 67 S.Ct. at 832. While this standard heavily favors the plaintiff, it also assumes that the plaintiff can make *some* initial showing of convenience. In the instant case, the trial court found that the "plaintiff cannot articulate a good faith rationale for bringing suit where he resides." This finding is unchallenged by the Bromleys.[6]

As we have discussed, Alaska law and the law of virtually all other jurisdictions supports the lower court's holding that "a plaintiff is generally entitled to litigate in his or her state of residence.... However ... the plaintiff's residence is not so dispositive as to nullify the import of the other factors." While a domiciliary plaintiff's choice of forum will be honored when she makes a "real showing of convenience," the Bromleys have failed to provide even a minimal showing that it is more convenient for them to sue in Alaska than in Washington, and the facts of this case indicate otherwise. On these facts, we find no abuse of discretion in the lower court's decision to dismiss this case.

### b. *Mitchell was not estopped from pursuing a forum non conveniens dismissal*

▇▇▇ The Bromleys also argue that, because Mitchell filed a summary judgment motion, he should have been estopped from pursuing his *forum non conveniens* objection. The Bromleys contend that theories of equitable and quasi-estoppel support this conclusion.[7] We find these equitable doctrines inapplicable to the facts of this case.

▇▇▇ Initially, we note that a *forum non conveniens* motion need not be raised in the answer or in a preliminary motion to dismiss. Rather, "there is no time limit on when a motion to dismiss on the ground of forum non conveniens can be made. However, if the litigation has progressed significantly ... a defendant's belated assertion that the forum is not a convenient one is likely to be dimly viewed by the court." 15 Wright & Miller, *supra*, at § 3828, at 291 (1986) (citing *Jenkins v. Smith*, 535 A.2d 1367, 1369 n. 5 (D.C.App.1987); *Snam Progetti S.p.A. v.*

---

5. This conclusion was also based partly on the fact that the Washington case was in progress at that time. The court noted that "[i]t cannot be more economical for plaintiff to pursue dual causes of action in two locales."

6. While the Bromleys argue that "nothing in the record" indicates that they are engaged in harassment, they do not dispute the court's observation that they have failed to provide even a minimal showing that it is more convenient for them to sue in Alaska than in Washington.

7. The elements of equitable estoppel are "the assertion of a position by conduct or word, reasonable reliance thereon by another party, and resulting prejudice." *Wright v. State*, 824 P.2d 718, 721 (Alaska 1992). Quasi-estoppel does not require reliance, but applies when "the existence of facts and circumstances mak[es] the assertion of an inconsistent position unconscionable." *Id.*

*Lauro Lines,* 387 F.Supp. 322 (S.D.N.Y. 1974)).

■ Turning to the Bromleys' estoppel arguments, we find that the equitable estoppel claim fails because, contrary to the Bromleys' assertion, they did not detrimentally rely on any position asserted in Mitchell's summary judgment motion. While it is correct to say that the Bromleys were forced to respond to Mitchell's motion, and thereby incurred some expense, this stemmed from the trial court's decision to rule on the summary judgment issue before entering judgment. Any detriment incurred by the Bromleys resulted from the court's procedural decision, and not from reliance on the representations contained in Mitchell's filing. Because they did not rely on the positions asserted in Mitchell's summary judgment motion, the Bromleys' equitable estoppel argument fails.

■ The Bromleys' quasi-estoppel charge also fails, because the summary judgment motion filed by Mitchell constituted neither a changed nor an inconsistent position in relation to the motion for *forum non conveniens* dismissal. Mitchell's *forum non conveniens* motion argued that it would be highly inconvenient to litigate a case in Alaska when nearly all the evidence—the boat itself and all witnesses, save the Bromleys—were in Washington or elsewhere. The summary judgment motion in no way contradicted this position. It did not, for example, introduce evidence in an attempt to obtain a judgment "on the merits." Rather, Mitchell's request for summary judgment raised a purely legal argument independent of any evidentiary issue: it simply claimed that the Bromleys' claims were barred because they should have been filed as compulsory counterclaims in the Washington case. Finding no changed or inconsistent position in Mitchell's summary

judgment motion, we reject the Bromleys' quasi-estoppel argument.

### 4. *The lower court failed to ensure that the Bromleys would be able to bring this case in Washington*

The Bromleys have failed to show that the superior court abused its discretion in dismissing the case against Mitchell under the doctrine of *forum non conveniens.* We therefore affirm that holding. However, the lower court erred by failing to ensure that this suit will be allowed to proceed in Washington.

■ The doctrine of *forum non conveniens* presupposes the existence of a preferable forum in which the dispute can be resolved. 15 Wright, Miller & Cooper, *supra,* at § 3828, at 288 & n. 32. Accordingly, in dismissing the Bromleys' claims against Mitchell, the Alaska courts are bound to ensure that the Bromleys have the opportunity to bring those claims in Washington. We therefore direct the superior court to modify Mitchell's *forum non conveniens* dismissal by adding Mitchell's stipulation that he will waive any statute of limitations defense.[8] *See* 15 Wright, Miller & Cooper, *supra,* at § 3828 n. 34 ("Generally, the conditions a defendant [seeking *forum non conveniens* dismissal] must follow are ... (4) waiver of statute of limitations") (quotation omitted)); *see also Shewbrooks v. A.C. & S., Inc.,* 529 So.2d 557, 562 (Miss.1988) (explaining that "the overwhelming authority in this country requires a defendant to waive the statute of limitations" before a *forum non conveniens* dismissal will issue). The Bromleys will thus be assured of the ability to bring their remaining claims against Mitchell in Washington.[9]

### 5. *The court erred in applying the forum non conveniens dismissal to Henson*

Although the *forum non conveniens* motion was filed by Mitchell alone, the trial

---

**8.** According to defendant Henson, the statute of limitations on the Bromleys' claims expired in May of this year. We do not decide whether this is the case, but simply direct the trial court to follow the accepted practice in a *forum non conveniens* dismissal.

**9.** The Bromleys concede that their repair claims against Mitchell d/b/a Mitchell Marine Service

were resolved in the Washington litigation. Their remaining claims against Mitchell assert that Mitchell d/b/a Yacht Doc breached the brokerage agreement and engaged in unfair trade practices. Although Mitchell argues that these claims are also barred by the Washington judgment, we have no occasion to consider that argument here. *See* note 3, *supra.*

court dismissed the case as to both defendants. When the Bromleys objected to the dismissal of Henson in their motion for reconsideration, the court explained that it could "decide the forum non conveniens issue without receiving specific input from defendant Henson," and that Henson's non-participation was construed as "non-opposition" to the motion for dismissal. On appeal, the Bromleys ask that their claim against Henson be reinstated.

■ We agree that the lower court erred in dismissing the claims against Henson. It is not enough for Henson to insist on appeal that the reasons that support Mitchell's *forum non conveniens* dismissal apply equally to him. Henson must present his arguments in a motion to the trial court. *See* Alaska R.Civ.P. 77. Since Henson filed no such motion, we do not consider his arguments, and our discussion and affirmance of the lower court's *forum non conveniens* dismissal applies solely to Mitchell. We reverse the dismissal of Henson and remand the claims against him to the trial court.

### B. *Attorney's Fees*
#### 1. *Standard of review*

■ In reviewing an award of attorney's fees, we apply an abuse of discretion standard; such an abuse is "established only where it appears that the court's determination is manifestly unreasonable." *Adoption of V.M.C.,* 528 P.2d 788, 795 (Alaska 1974). This standard applies to the trial court's determination of who is the prevailing party, as well as to the court's determination of the fee. *First Nat'l Bank v. Enzler,* 537 P.2d 517, 526 (Alaska 1975).

#### 2. *The trial court did not abuse its discretion in awarding Mitchell attorney's fees*

The court awarded Mitchell approximately $3,700 in attorney's fees, explaining that

"since the case was dismissed with prejudice insofar as any adjudication in this court is concerned, the dismissal was on the merits for purposes of awarding attorney's fees." The Bromleys appeal the fee award. They argue that the *forum non conveniens* dismissal was not an adjudication on the merits, and that consequently Mitchell is not a prevailing party eligible for attorney's fees.[10]

The Bromleys' argument ignores the fact that we have previously allowed attorney's fees in cases that were dismissed without prejudice. *See Miller v. Wilkes,* 496 P.2d 176, 178 & n. 7 (Alaska 1972), *overruled on other grounds, R.A. Davenny & Assocs., Inc. v. Shinjin Motor Sales Co.,* 533 P.2d 1112, 1114 (Alaska 1975) (affirming Civil Rule 82 fee award after voluntary dismissal without prejudice); *Hart v. Wolff,* 489 P.2d 114, 119 (Alaska 1971) (affirming Civil Rule 82 fee award where discovery violation led to dismissal without prejudice).

■ Moreover, while a *forum non conveniens* dismissal is not a judgment on the merits, the trial court was correct to state that it did operate as a dismissal with prejudice "insofar as any adjudication in this court is concerned," because it finally resolved the rights of the parties in the Alaska courts. *See Pastewka v. Texaco, Inc.,* 420 F.Supp. 641 (D.Del.1976), *aff'd,* 565 F.2d 851 (3d Cir. 1977) (*forum non conveniens* ruling has preclusive effect, in that all other courts of equal jurisdiction in that forum are bound to abide by the conclusion that the case should be tried elsewhere); *Torreblanca de Aguilar v. Boeing Co.,* 806 F.Supp. 139, 141 (E.D.Tex. 1992) (citing *Pastewka*).

In sum, the trial court's award is legally supported by our precedents and logically supported by the fact that Mitchell has obtained a judgment, binding on all Alaska courts, that the claims against him must be resolved in another forum. Under these circumstances, we cannot conclude that the court abused its discretion in determining

---

**10.** The Bromleys also argue that they were the prevailing parties on the only issue of substance which the lower court resolved—Mitchell's summary judgment claim. The lower court clearly indicated, however, that the fee award was based on the *forum non conveniens* dismissal. As we described above, the superior court's summary judgment order was contingent on this court's reversal of the *forum non conveniens* dismissal of the claims against Mitchell. Since we affirm the *forum non conveniens* dismissal of the claims against Mitchell, the summary judgment order is ineffectual and there is no reason to discuss it here.

that Mitchell was the prevailing party. We therefore affirm the award of attorney's fees.

## IV. *CONCLUSION*

We AFFIRM the trial court's decision to dismiss the claims against Mitchell under the doctrine of *forum non conveniens*. We instruct the trial court, however, to modify that dismissal by adding Mitchell's stipulation that he will waive any statute of limitations defense in the event of a future lawsuit. We also AFFIRM the trial court's decision to award Mitchell attorney's fees. We REVERSE the dismissal of the Bromleys' claims against Henson, who has not filed a motion for *forum non conveniens* dismissal, and REMAND for further proceedings.