**The PACKAGING STORE, INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**Cynthia Kwan LEUNG, Defendant–Appellee.**

No. 95CA0460.

Colorado Court of Appeals, Div. IV.

April 18, 1996.

Waller and Mark, P.C., Denis H. Mark, Denver, for Plaintiff–Appellant.

DiManna & Jackson, Daniel A. Sweetser, Denver, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this action for payment of certain fees allegedly owing under a franchise agreement, plaintiff, The Packaging Store, Inc., appeals from the trial court's dismissal of the complaint for lack of personal jurisdiction over defendant, Cynthia Kwan Leung. We reverse and remand with directions.

Plaintiff, a Colorado corporation, and defendant, a California resident, executed a franchise agreement in California for a franchise operation to be located in that state. Thereafter, plaintiff brought this action against defendant in the trial court for alleged breach of the agreement. Plaintiff served the complaint on the company designated in the franchise agreement as defendant's agent for service of process in Colorado.

Defendant moved to dismiss for lack of personal jurisdiction. In opposing the motion, plaintiff claimed that defendant consented to the jurisdiction of the Colorado courts pursuant to two provisions of the franchise agreement.

Paragraph 42 of the Agreement provides, in pertinent part:

FRANCHISEE [defendant] hereby irrevocably constitutes and appoints the Corporation Company, 1700 Broadway, Denver, Colorado, or its successor in office, to be its true and lawful agent within Colorado, to receive service of any lawful process in any non-criminal suit, action or proceedings arising under any provision of this Franchise Agreement and to be served upon said FRANCHISEE personally.

Paragraph 43 provides:

This FRANCHISE AGREEMENT shall be governed and construed under and in accordance with the laws of the State of Colorado. The parties hereby agree that any dispute between them will be resolved, if legally possible, in a state court located within the City and County of Denver, State of Colorado.

The trial court rejected plaintiff's contentions and granted defendant's motion to dismiss. This appeal followed.

Plaintiff contends that the trial court had personal jurisdiction over defendant by consent as a result of defendant's appointment of an agent for service of process in Colorado and the effecting of service on that agent. We agree.

■ Personal jurisdiction is the power to subject a particular defendant to a court's decisions. A court may exercise personal jurisdiction based upon the defendant's consent, presence in the state, or sufficient minimum contacts with the state. *Ruggieri v. General Well Service, Inc.*, 535 F.Supp. 525 (D.Colo.1982).

■ A nonresident's contractual consent to the jurisdiction of Colorado courts will be enforced if the terms of the consent are clear, and such consent can confer jurisdiction even if the minimal contacts test is not met. *Clinic Masters, Inc. v. District Court*, 192 Colo. 120, 556 P.2d 473 (1976).

■ A defendant may, by consent, confer personal jurisdiction upon a court that would otherwise not have jurisdiction over it, and "one of the most solidly established ways of giving such consent is to designate an agent for service of process within the state." *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir.1990). *See also Sondergard v. Miles, Inc.*, 985 F.2d 1389 (8th Cir. 1993), *cert. denied*, 510 U.S. 814, 114 S.Ct. 63, 126 L.Ed.2d 32 (1993); *Holloway v. Wright & Morrissey, Inc.*, 739 F.2d 695 (1st Cir. 1984); *Werner v. Wal-Mart Stores, Inc.*, 116 N.M. 229, 861 P.2d 270 (App.1993); *Rykoff–Sexton v. American Appraisal*, 469 N.W.2d 88 (Minn.1991); *Green Mountain College v. Levine*, 120 Vt. 332, 139 A.2d 822 (1958); Restatement (Second) Conflicts of Law 44 Comment b (1971); *but see Leonard v. USA Petroleum Corp.*, 829 F.Supp. 882 (S.D.Tex. 1993) (rejecting view that registering to do business in state and appointment of agent for service of process, without more, suffice as consent to jurisdiction).

While the Colorado courts have not specifically addressed the issue of consent to personal jurisdiction by appointment of an agent for service of process, provisions in franchise agreements for appointment of such agents have been enforced and service of process upon them has been upheld. *See Mr. Steak, Inc. v. Ken–Mar Steaks, Inc.*, 522 P.2d 1246 (Colo.App.1974) (not selected for official publication).

Defendant argues, and the trial court held, that the appointment of an agent for service merely affects the manner in which service may be accomplished but does not constitute an actual consent to personal jurisdiction. We reject this view.

■ By contractually authorizing an agent to receive service of process, a defendant consents to the exercise of personal jurisdiction in any action that is within the agent's authority. *See Holloway v. Wright & Morrissey, Inc., supra.*

As the United States Court of Appeals for the Eighth Circuit pointed out in *Knowlton v. Allied Van Lines, Inc., supra*, at 1199: "The whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts."

A defendant who thus contractually consents to jurisdiction can "reasonably anticipate being haled into court" after giving such a consent. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *see also Rykoff–Sexton v. American Appraisal, supra.*

■ While some courts have refused to view a contractual appointment of an agent for service of process as a consent to be sued upon causes of action *unrelated* to the subject matter of the contract, plaintiff's claim here is for breach of the franchise agreement itself. Thus, plaintiff's claim is within the meaning of the phrase "arising under any provision of [the] Franchise Agreement," set out in Paragraph 42 of the contract.

In light of our conclusion that the contractual provision for appointment of an agent for service for process constituted a consent to personal jurisdiction, we need not separately address the effect of paragraph 43 of the contract.

Accordingly, we conclude that the trial court had personal jurisdiction over defendant and that it erred in dismissing the action.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

MARQUEZ and BRIGGS, JJ., concur.