**UNION PACIFIC RAILROAD COMPANY as successor in interest to Denver & Rio Grande Western Railroad Company, Plaintiff–Appellant,**

v.

**EQUITAS LIMITED, Defendant–Appellee.**

**No. 98CA1240.**

Colorado Court of Appeals,
Div. III.

Sept. 16, 1999.

Steven E. Napper, Denver, Colorado; James P. Gatlin, Omaha, Nebraska; Jenner & Block, Richard J. Gray, Brent D. Stratton, Paul Walker–Bright, Chicago, Illinois, for Plaintiff–Appellant.

Long & Jaudon, P.C., Walter N. Houghtaling, David H. Yun, Stephen Hopkins, Denver, Colorado; Lord, Bissell & Brook, Terry R. Howell, John B. Haarlow, Hugh Griffin, Chicago, Illinois, for Defendant–Appellee.

Opinion by Judge NEY.

Plaintiff, Union Pacific Railroad Company, successor in interest to the Denver & Rio Grande Western Railroad Company (Rio Grande), appeals the trial court's dismissal of defendant, Equitas Limited (Equitas), from this action for lack of personal jurisdiction. We affirm.

This is an action to declare the rights of the parties under insurance contracts entered into between Rio Grande and several insurance companies, including certain underwriters of Lloyd's of London, the "Names."

The Names, several of whom are Colorado residents, entered into a reinsurance contract with Equitas whereby Equitas agreed to indemnify the Names for losses they incurred from their insurance contract with Rio Grande.

In November 1997, plaintiff initiated this action against several insurance companies, including the Names and Equitas. The complaint sought a declaratory judgment of the parties' rights and obligations under the insurance policies with respect to several environmental cleanup sites.

Equitas moved to quash service of process, or in the alternative, to dismiss for lack of personal jurisdiction.

It is undisputed that Equitas is a British corporation, that the Colorado Names entered into their contract with Equitas in England, that Equitas has not conducted any business in Colorado, and that Equitas has no offices or agents in Colorado.

The court concluded that it did not have personal jurisdiction over Equitas and granted its motion to dismiss. The declaratory judgment action against the other named defendants continued in the trial court. The court certified the order dismissing Equitas as appealable pursuant to C.R.C.P 54(b).

## I.

Plaintiff contends that Equitas consented to personal jurisdiction by entering into the contract with the Names. It argues that the reinsurance contract between Equitas and the Names transformed Equitas into a successor-in-interest to the Names so that Equitas is bound by the forum selection clause in the insurance contract between Rio–Grande and the Names, and has thus consented to personal jurisdiction. We disagree.

The contract between Equitas and the Names provides:

This Agreement is to take effect as a contract of reinsurance and shall have no effect on the liability of any Name .... under any original contract of insurance entered into by such Name ... The liability of the relevant Names ... under all contracts of insurance underwritten

by them shall remain several and not joint.

The contract further states:

This Agreement is not intended to and does not create any obligations to, or confer any rights upon, Insurance Creditors or any other persons not parties to the Agreement. It is hereby further acknowledged by each of the parties to this Agreement that this Agreement is not intended to and does not create any third party beneficiary status in, or confer third party beneficiary rights upon, Insurance Creditors or any other persons with respect to this Agreement....

The trial court found that the contract did not place Equitas either in the position of the Names or between the plaintiff and the Names.

■ The interpretation of a written contract is a matter of law subject to *de novo* review by this court. *Town of Breckenridge v. Golforce, Inc.,* 851 P.2d 214 (Colo.App. 1992).

■ A party's contractual consent may confer personal jurisdiction on a forum even if the minimum contacts test is not met. *See Packaging Store, Inc. v. Leung,* 917 P.2d 361 (Colo.App.1996). Here, however, we conclude that Equitas did not consent to personal jurisdiction by virtue of its contract with the Names.

■ Our review of the Equitas reinsurance contract with the Names satisfies us that the purpose of the contract was limited to an obligation to indemnify the Names for losses resulting from their insurance contract with the plaintiffs. It did not relieve the Names of liability to the plaintiff, nor did it render Equitas liable to the plaintiff.

Furthermore, we note the plaintiff's concession that no consent language exists in the reinsurance contract.

Plaintiff asserts that the contract here is a "reinsurance to close" contract. However, we are not aware of any authority to support its assertion that this characterization is significant and relevant to our analysis.

We conclude that the reinsurance contract did not bind Equitas to the terms of the Rio Grande insurance contract and, therefore,

that the forum selection clause in that contract did not indicate any consent by Equitas to submit to the jurisdiction of a court of this state.

## II.

Plaintiff alternatively asserts that because Equitas has sufficient minimum contacts in Colorado, the trial court erred by not applying Colorado's long-arm statute, § 13–1–124(1)(a), C.R.S.1999, to obtain personal jurisdiction over it. Again, we disagree.

■ A defendant, not present in the forum's territory, who has not consented to *in personam* jurisdiction, is subject to *in personam* jurisdiction only if the defendant has certain minimum contacts with the forum sufficient to prevent the maintenance of the action from offending traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ A substantial connection between the defendant and the forum, necessary for a finding of minimum contacts, must be based on an action by the defendant purposefully directed toward the forum state. The placement of a product into the stream of commerce, without more, is insufficient to establish defendant's minimum contacts with the forum state. *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

■ Section 13–1–124(1)(a) provides that Colorado courts may assert personal jurisdiction over a nonresident defendant when the defendant has engaged in, and the cause of action arises from, the transaction of business within Colorado. The defendant's physical presence in Colorado is not required. *Martinez v. Farmington Motors, Inc.,* 931 P.2d 546 (Colo.App.1996).

■ In enacting the long-arm statute, the General Assembly intended to extend the jurisdiction of Colorado courts to the fullest extent permitted by the due process clauses of the United States and Colorado Constitutions, pursuant to the minimum contacts requirements of *International Shoe. Martinez v. Farmington Motors, Incorporated, supra.*

Here, the trial court found:

Equitas Limited is a British company which has never done business in the State of Colorado, has no agents in the State of Colorado, owns no property in the State of Colorado, and has not solicited business in the State of Colorado.... The fact that some of the Names may be Colorado residents does not mean that Equitas Limited has purposely availed itself of the privilege of doing business in Colorado.... Therefore, the mere fact that Colorado Names entered into an agreement with Equitas Limited, does not in any way suggest that Equitas Limited has affirmatively taken advantage of doing business in Colorado.... Equitas Limited has not done any act listed under the Colorado Long–Arm Statute.... The fact that the Reinsurance and Run–Off Contract makes it foreseeable that Equitas Limited would be hiring and directing lawyers in a Colorado lawsuit is insufficient. Such foreseeability ... [alone, is not] a sufficient constitutional basis to give this Court personal jurisdiction over Equitas Limited.

■ Whether a court may properly assert personal jurisdiction over a party is a question of law, to be reviewed *de novo* by this court. *Harman v. Stillwell,* 944 P.2d 665 (Colo.App.1997).

■ Based on the record before us, we conclude that Equitas did not purposely avail itself of doing business in Colorado, and did not establish minimum contacts here. *See International Shoe Co. v. Washington, supra.*

We therefore agree with the trial court's conclusion that the mere fact that Equitas' reinsurance contract with the Names may have made it foreseeable that Equitas would hire and direct attorneys in potential Colorado litigation does not constitute a substantial connection between Equitas and Colorado

sufficient to meet the minimum contacts test. *See Asahi Metal Industry Co. v. Superior Court, supra.*

The judgment dismissing Equitas as a party is affirmed.

Judge MARQUEZ and Justice ERICKSON* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.