2001 OK CIV APP 9

**Joyce LOVETT, Plaintiff/Appellant,**

v.

**WAL–MART STORES, INC., Defendant/Appellee.**

**No. 95,114.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 22, 2000.

Michael E. Yeksavich, Tulsa, OK, for Plaintiff/Appellant.

Douglas E. Stall, Mark T. Steele, Latham, Stall, Wagner, Steele & Lehman, Tulsa, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, J:

¶1 Plaintiff/Appellant Joyce Lovett appeals from the trial court's order granting a motion to dismiss filed by Defendant/Appellee Wal–Mart Stores, Inc. Lovett was injured at a Wal–Mart store in California, but she filed suit in Okmulgee County, Oklahoma. The trial court dismissed the action without prejudice under the doctrine of *forum non conveniens.* Because we find no abuse of discretion, we affirm the order of dismissal.

¶2 Lovett filed her petition July 30, 1999, in which she alleged she was injured August

2, 1998 in the Wal–Mart store in San Jose, California as a result of negligence on the part of Wal–Mart. Lovett asserted that Wal–Mart conducts business in Oklahoma and may be served with process in Oklahoma.

¶ 3 Wal–Mart filed its motion to dismiss based on *forum non conveniens* August 9, 1999. Wal–Mart asserted that it is a Delaware corporation with its principal place of business in Arkansas. Wal–Mart argued that Lovett had failed to allege any facts showing that Okmulgee County was the proper forum for the action. Wal–Mart further averred that all witnesses to Lovett's injury, including Wal–Mart employees, and all Wal–Mart records related to the incident are located in California. Wal–Mart lastly asserted that it would be inconvenient and expensive for the California witnesses to travel to Oklahoma to testify and that former Wal–Mart employees residing in California are beyond the subpoena power of Oklahoma. Wal–Mart's motion to dismiss was verified by Don Wallis, manager of the San Jose, California Wal–Mart store.

¶ 4 In her response, Lovett argued that whether to dismiss a case on the basis of an inconvenient forum is a fact-based decision and she therefore requested that the trial court continue its decision on Wal–Mart's motion to dismiss until Wal–Mart had responded to Lovett's discovery requests. Lovett further argued that venue is proper in Okmulgee County and that the Okmulgee County District Court has jurisdiction over the parties. Lovett finally contended that Okmulgee County is not an inconvenient forum for Wal–Mart because the only eye witnesses to the accident are Lovett's relatives who are willing to travel from California to testify and that trial in California would be inconvenient for Lovett.

¶ 5 Wal–Mart objected to Lovett's request for a continuance, asserting that the requested discovery is unnecessary to the issue of *forum non conveniens*. Wal–Mart also reasserted its claims made in its motion to dismiss that witnesses who are California residents are beyond the subpoena power of an Oklahoma court.

¶ 6 In its order filed July 17, 2000, the Okmulgee County District Court held that California is the appropriate forum for the instant dispute and dismissed the case without prejudice.

¶ 7 *Forum non conveniens* is a doctrine in which the courts of one state, on a statewide basis, in the exercise of discretion, refuse to entertain an action which would be more appropriately heard in another state's courts. *Friberg v. Chrysler Motors Corp.,* 786 S.W.2d 923, 924 (Mo.App.1990). The Oklahoma Supreme Court first approved the doctrine of *forum non conveniens* in *St. Louis–San Francisco Railway Co. v. Superior Court, Creek County,* 1955 OK 111, 290 P.2d 118. In that case the court held that whether to dismiss an action on the basis of *forum non conveniens* is left to the trial court's discretion and that on appeal we must review the trial court's decision for an abuse of that discretion. *Id.* at 120. An order of dismissal on the ground of *forum non conveniens* is a final appealable order, while the remedy for an arbitrary abuse of discretion in making an order denying a motion to dismiss on that ground may be appealed by way of seeking mandamus. *Id.*

¶ 8 In *St. Louis–San Francisco Railway Co.,* the petitioner seeking mandamus was the defendant in two cases. In the first, the defendant alleged that the plaintiff was a resident of Missouri; the defendant was a Missouri corporation doing business in Missouri; the plaintiff was injured in the defendant's business in Missouri while employed there; all of the witnesses lived in Missouri; a jury in Missouri would be able to view the scene of the injury if necessary; and that the cost of trial of the action in Oklahoma would be $1,900 more than the cost of trying the case in Missouri. The plaintiff alleged that he could obtain a larger verdict in Oklahoma; that he had been examined by three Oklahoma doctors who would be expert witnesses; and that the plaintiff had become a resident of Oklahoma since the accident.

¶ 9 The Supreme Court analyzed cases from other states to conclude that the possibility of a higher verdict does not make an otherwise inappropriate forum convenient, nor does the hiring of out-of-state doctors; indeed, the court determined that even the plaintiff's act of becoming an Oklahoma citizen did not make Oklahoma a convenient forum under the facts which strongly sug-

gested that Missouri was the most convenient forum. *Id.* at 121. The court noted:

> The trend in favor of the use of considerations of *forum non conveniens* seems to us to be a wholesome one and in furtherance of the sound administration of justice. Trial courts should not hesitate to follow it in appropriate circumstances. (Italics added.)

*Id.* The Supreme Court granted a writ of mandamus to the defendant and ordered the trial court to dismiss the Oklahoma action.

¶ 10 In the second case involved in *St. Louis–San Francisco Railway Co.*, the plaintiff was a resident of Missouri and worked for the defendant Missouri corporation in Missouri. The plaintiff was injured in Kansas, however. The defendant alleged that five of the potential witnesses lived in Oklahoma, three in Kansas, and one in Missouri. The court noted that it would be more expensive to try the case in Oklahoma than in Kansas. The plaintiff argued he had additional medical witnesses in Oklahoma and that he could obtain a larger verdict in Oklahoma. The Supreme Court determined that Missouri, Kansas and Oklahoma were all possible forums for the action and denied the writ of mandamus in that case after determining that the denial of the motion to dismiss on the basis of *forum non conveniens* was not an arbitrary abuse of discretion. *Id.* at 122.

¶ 11 *Werner v. Wal–Mart Stores, Inc.*, 116 N.M. 229, 861 P.2d 270 (N.M.App.1993) involved facts nearly identical to the instant case. In *Werner*, the plaintiff was a New Mexico resident who sued Wal–Mart in New Mexico for injuries she sustained at a Wal–Mart store in Georgia. Wal–Mart asserted the trial court did not have personal jurisdiction. The trial court dismissed the case on that ground, as well as for *forum non conveniens*, which it raised *sua sponte*. The New Mexico Court of Appeals reversed the trial court's holding on the issue of personal jurisdiction. In addressing the issue of *forum non conveniens*, the appeals court noted that it is left to the trial court's discretion. 861 P.2d at 274. The court listed several factors which trial courts should consider in deciding whether to dismiss on the basis of an inconvenient forum. These include 1) the relative ease of access to sources of proof in the challenged venue; 2) the availability of compulsory process for attendance of unwilling witnesses; 3) the cost of attendance to witnesses; 4) the possibility of a view of the premises, if such would be appropriate to the action; 5) the enforceability of a judgment in the challenged jurisdiction; 6) the relative advantages and obstacles to a fair trial; and 7) whether the plaintiff may be choosing an inconvenient forum in order to vex, harass, or oppress the defendant. *Id.* The court concluded that since the trial court raised the issue on its own, the plaintiff had not been given an opportunity to respond. The court therefore reversed the dismissal based on *forum non conveniens* "without prejudice to a future decision on the matter after a proper hearing." *Id.*

¶ 12 In the instant case, Lovett responded to Wal–Mart's motion to dismiss. Further, this court has determined that the subpoena powers of Oklahoma courts stop at the state line. *Craft v. Chopra*, 1995 OK CIV APP 135, 907 P.2d 1109. Title 12 O.S.Supp.1999 § 2004.1(A)(1)(b) provides that subpoenas may be served at any place *in the state.* Wal–Mart's verified motion for dismissal indicates that all of its witnesses are located in California.[1]

¶ 13 The record presented by the parties demonstrates that this is clearly a case in which the trial court could have gone either way without abusing its discretion. We hold that the trial court did not abuse its discretion in determining that the State of California is a more convenient forum for the trial of this action.

¶ 14 AFFIRMED.

¶ 15 JONES, P.J., and GARRETT, J., concur.

---

1. We have reviewed Lovett's discovery requests. The trial court could have concluded that the discovery requests were not necessary to decide the issue in the Motion to Dismiss. This decision was well within the trial court's discretion. Nor did the absence of discovery inhibit Lovett from presenting her evidence that Oklahoma was a more convenient forum than Oklahoma.